ROBERT F. LUNDY, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lundy v. Commissioner
Docket No. 29009-90
United States Tax Court
T.C. Memo 1993-278; 1993 Tax Ct. Memo LEXIS 281; 65 T.C.M. (CCH) 3011; June 28, 1993, Filed *281 Decision will be entered under Rule 155. P overpaid his 1987 Federal income tax through withholding. P's period for filing his 1987 income tax return was extended to Aug. 15, 1988. R mailed a notice of deficiency to P on Sept. 26, 1990. P filed a 1987 income tax return on Dec. 28, 1990, claiming an overpayment. Held: Under sec. 6512(b)(3)(B), I.R.C. 1986, the statute of limitations on credit or refund of a tax overpayment determined by the Tax Court requires application of rules to facts existing at the date of the mailing of the notice of deficiency. If no tax return had been filed by that date, then the "look-back" period as to an overpayment determined by the Tax Court is the 2 years immediately preceding the mailing of the notice of deficiency. Sec. 6511(b)(2)(B), I.R.C. 1986. P's tax payments were made more than 2 years before the notice of deficiency was mailed, and so P is not entitled to credit or refund of the amount by which he overpaid his 1987 income tax. For petitioner: Lawrence J. Ross and Glenn P. Schwartz. For respondent: Susan T. Mosley and Ruud L. Duvall. CHABOT
CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined a *282 deficiency in Federal individual income tax against petitioner for 1987 in the amount of $ 13,806, and additions to tax under section 6651(a) [1] (failure to file) in the amount of $ 1,502.25, section 6653(a)(1)(A) (negligence, etc.) in the amount of $ 690.30, and section 6653(a)(1)(B) in the amount of 50 percent of the interest on $ 6,009. After concessions by both sides, [2] the issue for decision is whether petitioner is barred by the time limitations under sections 6511 and 6512 from obtaining from this Court a determination that he has an overpayment of his 1987 Federal individual income tax. *283 FINDINGS OF FACT Some of the facts have been stipulated. The stipulations and stipulated exhibits are incorporated herein by this reference. When the petition was filed in the instant case, petitioner resided in Lorton, Virginia. In early 1980 petitioner's briefcase, containing records necessary for preparing his income tax returns, was stolen. Petitioner told respondent's employees about this situation, and was told that if petitioner intended to claim a refund, then he had 3 years in which to file his return and claim the refund. Petitioner filed his income tax return for that year almost 3 years late, and he also filed some other income tax returns almost 3 years late during the 1980's. On several occasions in the 1980's one or another agent of respondent told petitioner that he had 3 years in which to file a claim for refund, but that petitioner should get his income tax returns filed as soon as possible. In 1987 Federal individual income taxes were withheld from the income of petitioner and his then wife, Carol A. Lundy (hereinafter sometimes referred to as Carol), in the amount of $ 10,131.11 (petitioner -- $ 7,797.31; Carol -- $ 2,333.80). No later payments were made *284 on this account. Petitioner timely requested an automatic extension of time to file his tax return for 1987; the filing period was extended to August 15, 1988. From 1988 through 1990 petitioner had health problems, was hospitalized after a car accident, dealt with various family problems, and was involved in a divorce. On June 4, 1990, respondent sent a letter to petitioner stating that if respondent did not hear from petitioner within 30 days, then respondent would prepare a substitute return for 1987 for petitioner. In response, on July 3, 1990, petitioner wrote to respondent stating that he had not yet filed his 1987 income tax return, but that he would "file within the three year period to claim [his] refund". From June 1988 until September 1990, respondent contacted petitioner twice about his 1987 Federal income tax return. Each time respondent asked petitioner to file his tax return "as soon as possible". On these occasions, respondent did not tell petitioner that he did not have to file his 1987 tax return for 3 years. On September 26, 1990, respondent mailed to petitioner a notice of deficiency for 1987. Petitioner and Carol submitted to respondent a joint 1987 tax *285 return dated December 22, 1990. Respondent received this tax return on December 28, 1990. On this 1987 tax return, petitioner and Carol [3] reported adjusted gross income of $ 76,485, income tax liability of $ 6,594, and income tax withheld of $ 10,131, and claimed a refund of $ 3,537. Petitioner had not previously filed a Federal 1987 income tax return. On December 28, 1990, petitioner filed a petition in the Tax Court. Respondent filed the answer on February 19, 1991. From March 1991 to January 1992, petitioner was involved in negotiations, both in *286 person and on the phone, with respondent's Appeals officer. On February 3, 1992, respondent sent to petitioner and Carol a letter stating that petitioner and Carol would receive a refund of 1987 taxes in the amount of $ 3,537, the amount claimed on the late-filed tax return. On March 17, 1992, respondent moved for leave to amend the answer to assert, for the first time, that petitioner's claim for refund is barred by the statute of limitations. After a hearing, this motion was granted on March 30, 1992. [4]
Petitioner's and Carol's correct tax liability for 1987 is $ 7,372; [5] *287 they are overwithheld in the amount of $ 2,390.11. [6]
OPINION Petitioner's and Carol's, see supra note 3, 1987 taxes were paid more than 2 years before respondent mailed the notice of deficiency to them (Sept. 26, 1990), and less than 3 years before petitioner and Carol filed their 1987 tax return (Dec. 28, 1990). Petitioner contends that, under section 6511(b)(2)(A), he is entitled to recover an overpayment of income tax paid within 3 years before he made his claim for overpayment and that the claim was the 1987 tax return that he and Carol filed. Respondent contends that the combined effect of sections 6512(b)(3)(B) and 6511(b)(2)(B) is that petitioner is entitled to recover only those payments made within 2 years before the notice of deficiency was mailed. Petitioner responds that respondent's analysis gives respondent the right to cut off a portion of petitioner's statutory limitations period. *288 Respondent answers that that is the result of the plain language of the statute. We agree with respondent. A. Statutory Analysis
Section 6511[7] *289 provides the general statute of limitations for credits or refunds. Section 6512[8] *290 provides a special rule for credits or refunds "in case of petition to Tax Court". Section 6512(a)(1) permits suits by taxpayers for the recovery of any part of the tax "As to overpayments determined by a decision of the Tax Court which has become final". Section 6512(b)(1) provides that "Except as provided by paragraph (3)" the Tax Court may determine an overpayment, which shall be credited or refunded. Section 6512(b)(3)[9] provides that there shall not be a credit or refund of any portion of the tax unless that portion was paid during one of three time periods. The only one of these periods that petitioner contends is applicable is the one in section 6512(b)(3)(B). Section 6512(b)(3)(B) permits a credit or refund if the Court determines that the tax was paid -- within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, * * *
Both sides agree that subsections (c) and (d) of section 6511 do not affect the instant case, and that our focus should be on section 6511(b)(2). We arrive at section 6511(b)(2) because we have been instructed to go there by section 6512(b)(3)(B). See Gunther v. Commissioner, 92 T.C. 39, 61-63 (1989), affd. 909 F.2d 291 (7th Cir. 1990). *291 The instruction in section 6512(b)(3)(B) directs us to focus on the situation as it would have been on a specified date -- the date of the mailing of the notice of deficiency. Thus, this provision requires us to "take a snapshot" of the situation as of September 26, 1990. With that in mind, we proceed to section 6511(b)(2). Section 6511(b)(2) has three subparagraphs, each providing what has been referred to as a "look-back" rule. (See our recent comment in Allen v. Commissioner, 99 T.C. 475, 478-479 n.5 (1992), on appeal (6th Cir., Feb. 16, 1993), noting the difference between the look-back periods described in section 6511(b)(2) and the period for filing a claim described in section 6511(a).) The dispute centers on whether subparagraph (A) or (B) of section 6511(b)(2) applies. Neither side contends that subparagraph (C) applies. Section 6511(b)(2)(A) provides the rule for the situation where "the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a)". For any tax "in respect of which tax the taxpayer is required to file a return", section 6511(a) prescribes only the period "within 3 years from the time the return *292 was filed". On September 26, 1990, the deemed-claim date, petitioner's and Carol's 1987 tax return had not been filed, so there was no "3-year period prescribed in subsection (a)". Because there was no 3-year period as prescribed in section 6511(a), no claim had been filed within that 3-year period. Therefore, section 6511(b)(2)(A) cannot provide the rule for decision in the instant case. Section 6511(b)(2)(B) provides the rule for the situation where the claim was filed, but not within the 3-year period prescribed in section 6511(a). This is the situation in the instant case. That is, section 6512(b)(3)(B) directs us to make a determination assuming that a claim for credit or refund was filed on September 26, 1990 (the date the notice of deficiency was mailed), but no tax return had been filed by that date, so the deemed claim for credit or refund was not filed within the 3-year period prescribed in section 6511(a). In this situation, section 6511(b)(2)(B) provides a 2-year look-back period. That is, "the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim." Petitioner's and Carol's 1987 income taxes *293 were paid entirely by withholding in 1987, and so were deemed paid on April 15, 1988. Sec. 6513(b)(1). April 15, 1988, is more than 2 years before September 26, 1990. Thus, no portion of petitioner's and Carol's 1987 income taxes was paid within the 2-year period immediately before September 26, 1990. We conclude from the foregoing that petitioner is not entitled to a determination from this Court that he has an overpayment that can be credited or refunded. This conclusion is consistent with a long line of Tax Court precedents, among the most recent of which are Patronik-Holder v. Commissioner, 100 T.C.     (1993); Allen v. Commissioner, supra; Galuska v. Commissioner, 98 T.C. 661 (1992); and Berry v. Commissioner, 97 T.C. 339 (1991). Petitioner contends that the concept of a "deemed claim" is not found in section 6512(b)(3)(B). We disagree. The language "if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed)" specifically directs this Court to assume a claim had been filed -- a deemed-claim concept. Petitioner also contends *294 that the deemed claim should include a "deemed return". Again, we must disagree. Although one document could serve both functions -- be a tax return and also be a claim for credit or refund -- it does not follow that "tax return" and "claim for credit or refund" are interchangeable terms. In section 6511(a), the Congress uses the term "return" three times and the term "Claim for credit or refund" twice in close juxtaposition. From this, we conclude that the Congress understood there was a difference between a tax return and a claim for credit or refund. In section 6512(b)(3)(B), the application of which depends in part on section 6511(a), the Congress refers to a claim for credit or refund and does not refer to a tax return. From this, we conclude that, although section 6512(b)(3)(B) embodies a deemed-claim concept, it does not embody a deemed-return concept. Petitioner also contends that our interpretation of section 6512(b)(3)(B) effectively causes the phrase "no return" in section 6511(a) to mean "no timely return". We do not agree that our interpretation creates this result. The interplay of section 6512(b)(3)(B) and section 6511(b)(2) requires that, if the taxpayer files *295 a timely petition with the Tax Court, then the tax return must have been filed before the notice of deficiency was mailed in order for a taxpayer to have the 3-year look-back under section 6511(b)(2)(A). In the instant case, if petitioner had filed his untimely tax return 2 years late, he would have been entitled to the benefit of the 3-year look-back. For purposes of the deemed claim for credit or refund, there is no requirement that the tax return be "timely" in the sense of having been filed by the due date (or extended due date) thereof. Petitioner also contends that our interpretation of section 6512(b)(3)(B) amounts to a penalty to a taxpayer who files a late return. Petitioner contends that the Congress enacted section 6651 to provide an addition to tax for a late-filed return. However, a statute of limitations does not provide for a "penalty"; rather, "a statute of limitation is an almost indispensable element of fairness as well as of practical administration of an income tax policy." Rothensies v. Electric Battery Co., 329 U.S. 296, 301 (1946); Texas Co. (Caribbean) Ltd. v. Commissioner, 12 T.C. 925, 930 (1949). *296 A limitation on the recovery of an overpayment resulting from a late-filed tax return is not inconsistent with an addition to tax imposed on account of an unwarranted failure to file a timely tax return. We conclude that, as a matter of statutory analysis, petitioner is not entitled to the relief he seeks from this Court. B. Other Considerations
Petitioner contends that, if he had filed a claim for refund in a District Court or in the Court of Federal Claims, then either of those courts would have had jurisdiction, under section 6511, to refund his overpayment. Petitioner contends that the Congress did not intend a different result for a taxpayer who elects to file a petition in Tax Court and thereby invokes section 6512. Petitioner contends that the Congress did not intend to create a "jurisdictional asymmetry" when it enacted section 6512(b)(3)(B). Petitioner contends that the Congress did not intend to empower respondent to unilaterally shorten the period for filing a claim, by mailing a notice of deficiency. Petitioner contends that section 6512(b)(3)(B) should be construed in the context of section 6511. In support of his contentions, petitioner points to the legislative *297 history of section 6511. Petitioner contends that respondent's administrative practice should affect our reading of the statute. Petitioner contends that respondent's employees acted in such a way as to mislead petitioner, and so respondent should be estopped to deny the allowability of the credit or refund. We consider these contentions seriatim. 1. Other Courts
Several of petitioner's contentions are based on the idea that a holding for respondent in the instant case would disturb an existing symmetry (at least as to statutes of limitations) among the different forums to which petitioner could have brought his dispute. Before maintaining a refund suit, the taxpayer must file a claim for credit or refund. Sec. 7422(a). This claim must be filed timely, in accordance with the statute of limitations. Sec. 6511. The doctrine of "variance" imposes potentially severe restrictions on the taxpayer, with the result that the statute of limitations operates not only to bar late-filed claims, but even to bar grounds for recovery at variance with those initially asserted in timely claims. One well-known text, Junghans & Becker, Federal Tax Litigation (2d ed. 1992), summarizes *298 the doctrine as follows: The single most important component of every claim for refund is the taxpayer's statement of the grounds for recovery, which provides the basis for the issues the taxpayer can raise in his refund suit. Grounds for recovery not asserted in the refund claim generally cannot be raised and relied on by the taxpayer in subsequent litigation. The special defense of "variance" is available to the government if a taxpayer, at trial, seeks to rely on a ground not included in the refund claim. [Id. par. 16.03[2][e], at 16-20; fn. ref. omitted.] * * * A claim for refund is a jurisdictional prerequisite to filing a refund suit. As a result, in a refund suit, the taxpayer's grounds for recovery are limited to those grounds set forth in the claim for refund on which the suit is based. A corollary to this rule is that a taxpayer may not advance a ground or legal theory in his refund suit that is entirely different from any ground or legal theory advanced in his claim for refund. Where a taxpayer in a refund suit seeks recovery on grounds not presented in his claim, a fatal variance exists and his action is subject to dismissal. [Id. par. 18.02[3], at *299 18-11; fn. refs. omitted.]
See, e.g., Charter Co. v. United States, 971 F.2d 1576, 1579 (11th Cir. 1992); Beckwith Realty, Inc. v. United States, 896 F.2d 860, 862-863 (4th Cir. 1990). By contrast, section 6512(b)(3)(B) provides that the taxpayer in the Tax Court gets the benefit of a deemed claim "stating the grounds upon which the Tax Court finds that there is an overpayment". Thus, the variance restriction on the statute of limitations for credits or refunds applies in refund suits, but does not apply in the Tax Court. On the deficiency side, too, the statute of limitations applies differently in the Tax Court. Section 6214(a) authorizes the Tax Court to redetermine a deficiency in an amount greater than that determined in the notice of deficiency, "if claim therefor is asserted by the Secretary at or before the hearing or a rehearing." The statute of limitations on assessments and collections is suspended if a Tax Court petition is filed. Sec. 6503(a). However -- The statute of limitations is not suspended by suit in a refund forum, and the government cannot assess any deficiency more than three years *300 after the filing of the relevant tax return unless the assessment is for fraud or one of the other events that extends the normal limitations period. Because the taxpayer almost always can delay the filing of a refund suit until after the expiration of the limitations period on assessments, this shield is usually available to any taxpayer in the refund forums. The government, of course, can raise new issues in tax refund suits. However, if the statute of limitations on assessments has run, these new issues may be used only to offset the taxpayer's eventual recovery. The new issues cannot result in a net recovery for the government. * * * [Junghans & Becker, supra par. 3.06, at 3-16; fn. ref. omitted.]
Thus, there clearly are differences between the application of the statutes of limitations to Tax Court proceedings and the application to refund proceedings in other courts. In general, the rules operate so that, in a proceeding properly brought in the Tax Court, the parties are permitted (subject to our motion practice considerations) to present matters that they could have presented at the date the notice of deficiency was mailed. On the other hand, in refund suits *301 the statutes of limitations grind on and both sides are limited to the amounts (and the taxpayer is even limited to the grounds for recovery) established when the limitations period expired. Our reading of the statute in the context of the instant case -- that the controlling factor is the facts on the date the notice of deficiency was mailed -- is not rebutted by petitioner's contentions about symmetry among the courts. 2. Legislative History
Petitioner points us to legislative history involving revision of section 322(b)(2) of the Internal Revenue Code of 1939 by section 6511(a) when the Internal Revenue Code of 1954 was enacted, together with the further revision of section 6511(a) by the Technical Amendments Act of 1958. Petitioner also points us to legislative history of 1954 and 1958 to show a congressional intent to have uniformity between the 3-year assessment rule of section 6501(a) and the 3-year claim-for-credit-or-refund rule of section 6511(a). It is well established that we may look to the legislative history of a statute where the statute is ambiguous. In addition, we may seek out any reliable evidence as to legislative purpose even where the statutory language *302 appears to be clear. United States v. American Trucking Associations, 310 U.S. 534, 543-544 (1940); U.S. Padding Corp. v. Commissioner, 88 T.C. 177, 184 (1987), affd. 865 F.2d 750 (6th Cir. 1989); Huntsberry v. Commissioner, 83 T.C. 742, 747-748 (1984); J.C. Penney Co. v. Commissioner, 37 T.C. 1013, 1017 (1962), affd. 312 F.2d 65 (2d Cir. 1962). Where a statute appears to be clear on its face, we require unequivocal evidence of legislative purpose before construing the statute so as to override the plain meaning of the words used therein. Huntsberry v. Commissioner, 83 T.C. at 747-748; see Pallottini v. Commissioner, 90 T.C. 498, 503 (1988), and cases there cited. When section 6511 was enacted in 1954 as part of the revision that became the Internal Revenue Code of 1954, it measured the period for filing a claim as ending 3 years from the time the tax return was required to be filed (determined without regard to any extension of time), or 2 *303 years from the time the tax was paid, whichever ended later. Section 82(a) of the Technical Amendments Act of 1958, Pub. L. 85-866, 72 Stat. 1606, 1663, amended section 6511(a) to provide that the period for filing a claim for refund was measured from the filing of the return, rather than the time the return was required to be filed. The Senate Finance Committee report, S. Rept. 1983, 85th Cong., 2d Sess. 98-99 (1958), 1958-3 C.B. 922, 1019-1020, states as follows: (a) Period for filing claim. -- Under present law a claim, to be valid, must in general be filed within 3 years from the due date of the return, without regard to any period of extension granted for the filing of the return (or within 2 years from the time of tax payment, whichever is later). However, the rule with respect to assessments is that the period of limitation is 3 years from the date the return was actually filed, whether or not filed when it was due. To correlate these rules the House bill (by amending sec. 6511(a)) provides that a claim for refund or credit of any tax may be filed within 3 years from the time the return was actually filed (or, as under present law, within *304 2 years from the time of payment, whichever is later). Your committee has accepted this change. (b) Limit on credit or refund. -- Present law as one alternative provides that the amount of any credit or refund allowed cannot exceed the portion of the tax paid within a period of 3 years immediately preceding the filing of the claim. To correspond with the amendment described above, the House bill provides that in such cases the amount to be refunded or credited is not to exceed that portion of the tax which was paid within a period of 3 years preceding the filing of the claim plus the period of any extension of time for filing the return. Your committee has accepted this change.
Under section 6511 as it was from the 1954 Code enactment to the 1958 act, the subsection (b) references to "the 3-year period prescribed in subsection (a)" are references to "3 years from the time the return was required to be filed". Under the "snapshot" analysis we have used, supra, the initial 1954 Code language would have resulted in a conclusion that the deemed claim was filed within the 3-year period, and so petitioner would have been entitled to the 3-year look-back under section 6511(b)(2)(A). *305 However, it is clear that the Congress perceived a defect in section 6511(a) as originally enacted, and that the remedy that the Congress enacted in 1958 was intended to work some changes. The parties have not pointed us to, and we have not found, any legislative history evidence as to whether the Congress analyzed all the changes that their 1958 act amendments caused. Nothing that we see indicates a clear congressional intent that a taxpayer be entitled to a 3-year look-back on the facts of the instant case. However these arguments may be weighed, one thing that is clear is that the legislative history of section 6511 does not present the unequivocal evidence of legislative purpose that would warrant our construing the statute so as to override the plain meaning of the words used therein. Compare Estate of Sachs v. Commissioner, 88 T.C. 769, 772-778 (1987), affd. on this issue and revd. on another issue 856 F.2d 1158 (8th Cir. 1988), with Gunther v. Commissioner, 92 T.C. 39 (1989), affd. 909 F.2d 291 (7th Cir. 1990). We have not found anything in the legislative *306 history of section 6511 that would require us to conclude that the Congress did not mean exactly what it said. See Cal-Maine Foods, Inc. v. Commissioner, 93 T.C. 181, 215 (1989), and cases there cited. Accordingly, we conclude that the legislative history does not provide a proper basis for reading the statute in petitioner's favor. 3. Respondent's Administrative Practice
Petitioner contends that respondent has had a longstanding administrative practice of granting refunds where the return is filed within 3 years of the date the tax was paid, and that this practice must be deemed to have been approved by the Congress and to have acquired the force of law. Petitioner relies on respondent's actions in Domtar Newsprint Sales Ltd. v. United States, 193 Ct. Cl. 505, 435 F.2d 563 (1970); Dillard v. Commissioner, T.C. Memo. 1992-126; Long v. United States, 51 AFTR 2d 83-816, 83-1 USTC par. 9155 (D. Mass. 1983); Rev. Rul. 76-511, 1976-2 C.B. 428; and Rev. Rul. 57-354, 1957-2 C.B. 913. *307 The chronology in Domtar differs in a critical respect from that in the instant case. In the instant case, petitioner is treated as having filed his claim for credit or refund (on Sept. 26, 1990) before he filed his tax return (on Dec. 28, 1990). In Domtar the taxpayer filed its claim for credit or refund (on May 14, 1968) after it filed its tax return (on May 3, 1968). The Court of Claims analyzed section 6511(a) in Domtar Newsprint Sales Ltd. v. United States, 435 F.2d at 566, as follows: The status of a claim for refund must in the final analysis be determined in the light of the facts as they exist at the time it is filed. Thus, if no return was filed prior to the filing of a claim for refund, the two-year period of limitation is applicable in determining the timeliness of the claim. However, if a return was filed prior to the filing of a claim for refund, the three-year period of limitation governs. [Emphasis added.]
This conclusion as to section 6511(a) is similar to that we have reached for the Tax Court under sections 6512(b)(3)(B) and 6511(b). Thus Domtar does not help petitioner; rather, *308 it demonstrates the reasonableness of the approach we have used and the conclusion we have reached in the instant case. Dillard v. Commissioner, T.C. Memo. 1992-126, involved overpayments through withholding for 1987 and 1988. The taxpayers did not file income tax returns for 1987 or 1988 until October 1991. Respondent mailed a notice of deficiency to the taxpayers on July 11, 1990. The Dillard opinion notes that respondent allowed the refund for 1988. Petitioner contends that this illustrates respondent's practice of refunding overpayments where a tax return is filed within 3 years of the time the tax was paid. We conclude that the facts in Dillard as to 1988 support respondent's position and illustrate the operation of section 6512. The taxpayers in Dillard were deemed to have paid their 1988 taxes on April 15, 1989. In Dillard the notice of deficiency operated as the taxpayers' deemed claim for credit or refund. At the time of the deemed claim, the taxpayers had not filed a tax return for 1988, so the 2-year look-back applied. The deemed claim for credit or refund of 1988 taxes was filed (July 11, 1990) within 2 years of *309 the time the tax was deemed paid (April 15, 1989), and so the taxpayers were entitled to a credit or refund for 1988. [10]
In Long v. United States, 51 AFTR 2d 83-816, 83-1 USTC par. 9155 (D. Mass. 1983), the taxpayers' only claims for credit or refund for the years before the District Court were the claims embodied in their tax returns. There was no notice of deficiency for these years, and so there was no petition to the Tax Court, section *310 6512 did not apply, and the deemed-claim rule of section 6512(b)(3)(B) was irrelevant. Under these circumstances, the question of a 2-year look-back was not before either the District Court or the Internal Revenue Service. As a result, the Internal Revenue Service's 3-year approach to the facts in Long does not help petitioner, because it does not provide a clue as to respondent's administrative practice with respect to the facts of the instant case. For the same reasons, the two rulings, which do not involve notices of deficiency, do not help petitioner, because they do not illuminate respondent's administrative practice as applicable to the facts before us in the instant case. Indeed, Rev. Rul. 57-354, 1957-2 C.B. 913, may help respondent, because it includes the same language that we have quoted from the Court of Claims opinion in Domtar Newsprint Sales Ltd. v. United States, supra.
From the foregoing, we conclude that there is no evidence that respondent has had a longstanding administrative practice of granting refunds where, as here, the deemed claim preceded the tax return and *311 was deemed made more than 2 years after the tax was paid. Petitioner's failure to show the contended-for administrative practice makes it unnecessary to consider petitioner's legislative reenactment doctrine argument. By the same token, it is not necessary to consider petitioner's contention that he was treated differently from similarly situated taxpayers. 4. Estoppel
Petitioner contends that the result in the instant case is the fault of respondent, rather than petitioner. Petitioner contends that he was misled by respondent because he relied on respondent's employees' representations that a taxpayer has 3 years from the time the tax was paid to file a return or claim for credit or refund. Petitioner does not claim that any specific type of estoppel should be applied to respondent. However, his contentions are similar to the equitable estoppel argument which was rejected in Dillard v. Commissioner, T.C. Memo. 1992-126, and we also reject it in the instant case. The doctrine of equitable estoppel is applied against the Government only with the utmost caution and restraint. Boulez v. Commissioner, 76 T.C. 209, 214-215 (1981), *312 affd. 810 F.2d 209 (D.C. Cir. 1987). Petitioner testified that respondent's employees urged him to file his 1987 tax return as soon as possible. As noted in Rev. Rul. 57-354, supra, which petitioner relies on for his administrative practice argument, for at least a generation respondent has warned that if a taxpayer files a claim for credit or refund before filing a tax return for that period, then the taxpayer may lose an opportunity to get the credit or refund. Finally, the deemed-claim rule is specifically provided by statute. There is no basis for an estoppel against respondent in the instant case. See Miller v. United States, 949 F.2d 708, 712-713 (4th Cir. 1991). The result of a statute of limitations bar on credit or refund may seem harsh in view of the actual overpayment, e.g., Allen v. Commissioner, 99 T.C. at 480; Berry v. Commissioner, 97 T.C. 339, 345 (1991). However, the statute is intricate and precise, e.g., Allen v. Commissioner, supra; see (as to section 6501) *313 Minahan v. Commissioner, 88 T.C. 492, 505 (1987). We apply the statute as the Congress enacted it. We conclude that petitioner is not entitled to a determination that he has an overpayment of 1987 income taxes. To take account of the parties' concessions, supra note 2, Decision will be entered under Rule 155. Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986 as in effect for 1987; references to secs. 6511 and 6512↩ are to those sections of the Internal Revenue Code of 1986 as in effect for the date on which respondent mailed the notice of deficiency.
2. The parties agree that petitioner has a deficiency of $ 778, that he is liable for an addition to tax under sec. 6653(a)(1)(A) in the amount of $ 369, see sec. 6653(c)(1), and that he is not liable for additions to tax under secs. 6651(a) and 6653(a)(1)(B). Respondent's sec. 6651(a) concession preceded this Court's opinion in Patronik-Holder v. Commissioner, 100 T.C.     (1993); respondent's concession in the instant case is consistent with our opinion in Patronik-Holder, even though it conflicts with the position respondent took in Patronik-Holder↩.
3. Petitioner and Carol may file a joint income tax return after the notice of deficiency has been mailed. Phillips v. Commissioner, 86 T.C. 433 (1986), affd. on this issue and revd. on another issue 851 F.2d 1492, 1496-1498↩ (D.C. Cir. 1988). This is why the opinion and the stipulations take Carol's income and withholding into account even though the notice of deficiency was addressed only to petitioner.
4. As we have noted, sec. 6512(b) includes words suggesting that this statute of limitations may be jurisdictional. Woody v. Commissioner, 95 T.C. 193, 204 (1990); Hollie v. Commissioner, 73 T.C. 1198, 1205↩ n.9 (1980).
5. The $ 7,372 stipulated liability, less the $ 6,594 liability that petitioner and Carol reported on their late-filed tax return, results in the stipulated $ 778 deficiency. See supra↩ note 2.
6. The overwithholding is calculated by adding the negligence addition, supra↩ note 2, to petitioner's and Carol's tax liability ($ 7,372 + $ 369 = $ 7,741) and subtracting that sum from the amount withheld ($ 10,131.11 - $ 7,741 = $ 2,390.11).
7. Sec. 6511 provides, in pertinent part, as follows: SEC. 6511. LIMITATIONS ON CREDIT OR REFUND. (a) Period of Limitation on Filing Claim. -- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * * (b) Limitation on Allowance of Credits and Refunds. -- (1) Filing of claim within prescribed period. -- No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period. (2) Limit on amount of credit or refund. -- (A) Limit where claim filed within 3-year period. -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. * * * (B) Limit where claim not filed within 3-year period. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. (C) Limit if no claim filed. -- If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.↩
8. Sec. 6512 provides, in pertinent part, as follows: SEC. 6512. LIMITATIONS IN CASE OF PETITION TO TAX COURT. (a) Effect of Petition to Tax Court. -- If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) * * *, no credit or refund of income tax for the same taxable year, * * * to which such petition relates, in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except -- (1) As to overpayments determined by a decision of the Tax Court which has become final; * * * * * * (b) Overpayment Determined by Tax Court. -- (1) Jurisdiction to determine. -- Except as provided by paragraph (3) and by section 7463, if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, * * * in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer. * * * (3) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- * * * (B) within the period which would be applicable under section 6511(b)(2), (c), or (d)↩, if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, * * *
9. Many prior opinions refer to sec. 6512(b)(2). However, sec. 6244(a) of the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, 3750, redesignated sec. 6512(b)(2) as sec. 6512(b)(3)↩, effective for overpayments determined by the Tax Court which had not been refunded on the 90th day after Nov. 10, 1988. TAMRA sec. 6244(c).
10. As noted in Allen v. Commissioner, 99 T.C. 475, 481-482 (1992), on appeal (6th Cir., Feb. 16, 1993), as to the issue of the refund of 1987 taxes, Dillard v. Commissioner, T.C. Memo. 1992-126, contains some language which appears to support petitioner's position. However, that language is not controlling because as to the 1987 overpayment, Dillard is distinguishable from the instant case in that in Dillard↩ the taxpayer was outside the 3-year look-back period.