R. DAN ALLEN, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 23547-90.          Filed October 6, 1992.

*Stephen L. Kadish, Timothy J. O'Shaughnessy,* and *Joseph P. Alexander,* for petitioners.

*J. Scott Broome,* for respondent.

OPINION

RAUM, *Judge:* The Commissioner determined a deficiency and additions to tax with respect to petitioner's 1987 taxable year as follows:

*Additions to tax*

| Deficiency | Sec. 6651(a)(1) | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) |
|---|---|---|---|
| $24,644 | $512.25 | $1,232.20 | [1] |

[1] 50 percent of the interest payable under sec. 6601 with respect to the portion of the underpayment attributable to negligence.

The facts have been stipulated. Petitioner resided in Ohio at the time the petition was filed. After certain concessions, the issue for decision is whether petitioner is entitled to a determination of an overpayment of his 1987 income taxes which in fact had been overpaid.

As a result of Federal income tax withholding from his salary by his employer and a payment accompanying a timely joint request for automatic extension of time to August 15, 1988, to file an income tax return, petitioner had paid a total of $22,595 of his 1987 tax. The parties have agreed that the correct 1987 income tax liability was $5,571. Accordingly, there was an overpayment in the amount of $17,024.

The Commissioner issued the statutory notice of deficiency to petitioner on July 24, 1990. As of that date, petitioner had not filed any income tax return for 1987 or any claim for refund for that year. However, petitioner did thereafter file a 1987 joint Form 1040 with his wife, Carol, on October 2, 1990, reflecting an overpayment of $17,024, and stating that the overpayment should be applied to 1988 estimated tax. He filed his petition with this Court on October 22, 1990. After examining the highly technical statutory provisions limiting the credit or refund of overpayments, we conclude that petitioner is not entitled to a determination of an overpayment, notwithstanding that he in fact overpaid his 1987 tax.

Section 6512(b)(1)[1] authorizes the Tax Court to determine the amount of an overpayment and requires the overpayment

[1] Except as otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

as thus determined to be refunded or credited to the taxpayer, subject to the limitations imposed by section 6512(b)(3).[2] Section 6512(b)(3) provides in substance that no amount may be so refunded or credited unless the Tax Court determines as part of its decision that such portion was paid by the taxpayer at one of the three times set forth in the three subparagraphs of section 6512(b)(3).There is no dispute between the parties that only the second of the three subparagraphs, section 6512(b)(3)(B), is involved, and it provides:

> (3) LIMIT ON AMOUNT OF CREDIT OR REFUND.—No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid—
>
> \*   \*   \*   \*   \*   \*   \*
>
> (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (*whether or not filed*) stating the grounds upon which the Tax Court finds that there is an overpayment \* \* \* [Emphasis supplied.]

Pursuant to these provisions, a taxpayer is *deemed to have filed* a claim for credit or refund on the date the notice of deficiency was mailed. Refund or credit may be made or allowed of any amounts that could have been refunded or credited under section 6511(b)(2), (c), and (d) with respect to such claim. Subsections (c) and (d) impose rules for special situations and are inapplicable here. Thus, of the three provisions referred to in section 6512(b)(3)(B), the only one relevant in this case is section 6511(b)(2).

Section 6511(b)(2) contains three subparagraphs, each containing what the parties have at times referred to as a "look-back" rule.[3] If subparagraph (A) of section 6511(b)(2)

---

[2] Sec. 6512(b)(3), formerly sec. 6512(b)(2), was redesignated by the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, sec. 6244(a), 102 Stat. 3750, effective for overpayments determined by the Tax Court which had not been refunded on the 90th day after Nov. 10, 1988. See TAMRA sec. 6244(c).

[3] Sec. 6511(b)(2) provides:

SEC. 6511(b). LIMITATION ON ALLOWANCE OF CREDITS AND REFUNDS.—

\*   \*   \*   \*   \*   \*   \*

(2) LIMIT ON AMOUNT OF CREDIT OR REFUND.—

(A) LIMIT WHERE CLAIM FILED WITHIN 3-YEAR PERIOD.—If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding

applies, then the credit or refund shall not exceed the amount of tax paid during the period, immediately preceding the filing of the claim, equal to 3 years plus the amount of any extension of time for filing the return (hereinafter sometimes referred to as the 3-year look-back period). If, on the other hand, subparagraph (B) applies, then the refund or credit shall not exceed the amount of tax paid during the 2-year period immediately preceding the filing of the claim (hereinafter sometimes referred to as the 2-year look-back period). Neither of the parties suggests that subparagraph (C) is applicable here.[4]

The dispute between the parties centers on which subparagraph, (A) or (B), of section 6511(b)(2) applies to petitioner's claim for refund or credit. Pursuant to section 6512(b)(2)(B), petitioner's claim is deemed to have been filed on July 24, 1990, when the notice of deficiency was mailed to him. He paid $7,575 of his 1987 taxes on April 15, 1988, which is also the date on which he is deemed to have paid the taxes his employer withheld from his salary during 1987. Sec. 6513(b)(1). Thus, petitioner's 1987 taxes were paid more than 2 but less than 3 years prior to the filing of the deemed claim for refund. Accordingly, if the applicable look-back period is the 3-year period of subparagraph (A) of section 6511(b)(2), the taxpayer is entitled to a refund or credit of his overpayment of tax for 1987, while if the applicable look-back period is the 2-year period of subparagraph (B) of section 6511(b)(2), the refund or credit of the overpayment is barred by section 6511(b)(2)(B) as made applicable by section 6512(b)(3)(B). For reasons discussed hereinafter, we find that the 3-year look-back period of subparagraph (A) is inapplicable.

Subparagraph (A) provides that it will apply if the claim was filed (here, if the notice of deficiency was mailed) during the "3-year period prescribed in [section 6511(a)]".[5] Sec.

---

the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return.

＊　　　＊　　　＊　　　＊　　　＊　　　＊　　　＊

(B) LIMIT WHERE CLAIM NOT FILED WITHIN 3-YEAR PERIOD.—If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

(C) LIMIT IF NO CLAIM FILED.—＊ ＊ ＊

[4] By its terms, sec. 6511(b)(2)(C) applies only when no claim for credit or refund was filed. Here, the mailing of the notice of deficiency is deemed to have been the filing of a claim for credit or refund. Sec. 6512(b)(3)(B).

[5] There is potential confusion because two different 3-year periods are referred to in sec.

6511(b)(2)(A). If the claim was not filed during the "3-year period prescribed in [section 6511(a)]", then subparagraph (B) will apply. Sec. 6511(b)(2)(B). Section 6511(a) provides in pertinent part:

SEC. 6511(a). PERIOD OF LIMITATION ON FILING CLAIM.—Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * *

The taxpayer here was required to file a return. Secs. 6001, 6012(a)(1)(A). Thus, the "3-year period" prescribed in section 6511(a) and referred to in section 6511(b)(2)(A) and (B) would apply if the taxpayer filed a return, and if the claim for refund or credit were filed or deemed to have been filed within 3 years from the time the return is filed.

The 3-year look-back period of section 6511(b)(2)(A) does not apply here, because petitioner did not file a return until October 2, 1990, which was subsequent to the date of mailing of the deficiency notice, July 24, 1990, the date his claim was deemed to have been filed. Section 6511(a) provides that the claim for credit or refund "*shall be filed* by the taxpayer within 3 years from the time the return *was filed* or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return *was filed* by the taxpayer, within 2 years from the time the tax was paid." (Emphasis added.) This use of the imperative "shall be filed", in conjunction with the use of the past tense "was filed" in relation to the return, indicates that in order for the 3-year period of limitations to apply, the return must be filed at or before the time at which the claim for credit or refund is filed or deemed to be filed. In other words, if no return has been filed at the time the claim for credit or refund is filed or deemed filed, a return filed subsequent to that time will not cause the 3-year period of limitations to apply. *Berry v. Commissioner,* 97 T.C. 339, 344 (1991); *Galuska v. Commissioner,* 98 T.C. 661, 666, 672 (1992).

---

6511(b)(2)(A). One is based on the 3-year *period for filing a claim* for refund in sec. 6511(a), measured from the time a return was in fact filed, and the other limiting *the amount refundable* to the amount paid during the 3-year look-back period immediately preceding the filing of the claim.

Because petitioner had not filed a return prior to the time the claim was filed (that is, prior to the mailing of the notice of deficiency), that claim was not filed within the 3-year period prescribed in section 6511(a). As a result, the 2-year look-back period of section 6511(b)(2)(B) applies instead of the 3-year look-back period of section 6511(b)(2)(A). And because petitioner paid his 1987 taxes more than 2 years prior to the date on which the refund claim was deemed to have been filed, the refund or credit of the overpayment is barred.

As is true in many of the cases in this field, the result may seem harsh in view of an actual overpayment, but petitioner failed to file his income tax return more promptly, and the statute is precise. The unhappy result for petitioner is the consequence of a "problem of * * * [his] own creation". *Berry v. Commissioner,* 97 T.C. 339, 345 (1991). The situation is not an unfamiliar one, and has been before us in a variety of other circumstances. Cf., e.g., *White v. Commissioner,* 72 T.C. 1126, 1130-1134 (1979); *Hosking v. Commissioner,* 62 T.C. 635, 642-644 (1974); and a number of memorandum opinions cited in *Berry v. Commissioner, supra* at 345 n.7.

Petitioner argues that "the statute should be read as to allow a measurement date beginning on the due date of the return when a return is required to be filed, whether or not a return was actually filed." This interpretation contradicts the plain language of the applicable provisions of section 6511(a). That language clearly states that the 3-year period starts on the date the return was filed, which is not necessarily the date the return was required to be filed. Moreover, the legislative history fully supports a construction of the statute in accordance with its plain meaning.

Prior to its amendment by the Technical Amendments Act of 1958, Pub. L. 85-866, sec. 82(a), 72 Stat. 1606, 1663, section 6511(a) did require a claim to be filed "within 3 years from the time the return was required to be filed (determined without regard to any extension of time)". Internal Revenue Code of 1954, ch. 736, 68A Stat. 808. In order to conform the period of limitations for filing a claim for credit or refund more nearly to the period of limitations for making assessments, section 6511(a) was amended to its present form in the Technical Amendments Act of 1958, Pub. L. 85-866, sec. 82(a), 72 Stat. 1663. S. Rept. 1983, 85th Cong., 2d Sess.

(1958), 1958-3 C.B. 1019-1020, 1154-1155; H. Rept. 775, 85th Cong., 1st Sess. (1957), 1958-3 C.B. 854-855, 912. Both periods of limitation now begin on the date the return is filed. Secs. 6501(a), 6511(a).

If we were to adopt petitioner's interpretation of the statute, however, the 3-year period of limitations would start running at the time the return was due, regardless of whether or not it was actually filed. Under this interpretation, a taxpayer who filed a late return would not have the benefit of the full 3-year period of limitations within which to file a claim for credit or refund. This, of course, was precisely the situation Congress intended to change by explicitly providing that the 3-year period of limitations did not begin running until the return was filed. S. Rept. 1983, *supra;* H. Rept. 775, *supra.* Thus, petitioner's interpretation of section 6511(a) not only ignores the plain meaning of the language used in that section, it would also lead to the same anomaly that Congress intended to eliminate by adopting that language.

Petitioner relies upon a number of authorities, none of which is precisely in point. For example, some of them are distinguishable because the tax returns therein were filed prior to or at the same time as the claim for refund was filed or deemed to have been filed. *Domtar Newsprint Sales Ltd. v. United States,* 193 Ct. Cl. 505, 435 F.2d 563 (1970); *Mullin v. United States,* 77-2 USTC par. 9689, 40 AFTR 2d 77-5932 (E.D. Mo. 1977); Rev. Rul. 76-511, 1976-2 C.B. 428. As noted above, in such a situation, the 3-year look-back period of section 6511(b)(2)(A) applies. By contrast, at the time petitioner's claim was deemed to have been filed for purposes of the overpayment jurisdiction of this Court, no return had been filed.

Petitioner also seems to find comfort in some recent cases of this Court. *Galuska v. Commissioner,* 98 T.C. 661 (1992); *Berry v. Commissioner,* 97 T.C. 339 (1991); *Dillard v. Commissioner,* T.C. Memo. 1992-126. However, we do not find any of them controlling here in petitioner's favor. Indeed, the principal thrust of *Galuska v. Commissioner, supra,* and *Berry v. Commissioner, supra,* is in accord with the result that we reach here. Although there is some language in *Dillard* that superficially appears to support petitioner, the ultimate result reached there was against the tax-

payer, and we do not regard that case as in point here. Other cases decided by this Court which petitioner cites are even less in point. Finally, petitioner relies upon *Ehle v. United States,* 720 F.2d 1096 (9th Cir. 1983). The per curiam opinion in that case is comparatively short, and does not set forth sufficient facts for a satisfactory analysis of the issue. However, that case did not involve a deemed filed claim, and was concerned only with when withheld taxes were deemed to have been paid.

We have considered various other contentions made by the parties, and have not found it necessary to discuss them. To take into account the conclusions we have reached,

*Decision will be entered under Rule 155.*