RAYMOND G. FREIBERG, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent *
Freiberg v. Commissioner
Docket No. 4187-90
United States Tax Court
T.C. Memo 1993-268; 1993 Tax Ct. Memo LEXIS 274; 65 T.C.M. (CCH) 2977; June 21, 1993, Filed *274 Decision will be entered pursuant to respondent's computations for 1986 and 1987 and will determine no overpayment for 1986. Raymond G. Freiberg, pro se. For respondent: Jeffrey L. Bassin. BUCKLEY
BUCKLEY
SUPPLEMENTAL MEMORANDUM OPINION BUCKLEY, Special Trial Judge: Our opinion in this matter was filed on October 19, 1992 (T.C. Memo. 1992-615), and the parties were required to submit computations under Rule 155 [1] for purposes of decision. A controversy has arisen as to whether petitioner is entitled to a decision indicating an overpayment in tax for the year 1986 as a result of withholding credits. No issue has been raised regarding the 1987 computation. The facts as to which there is no question are as follows. The Stipulation of Facts filed by the parties provided in paragraph 3: "The petitioner did not file a return for taxable year *275 1986 or 1987 prior to the issuance of the statutory notice." The statutory notice of deficiency for both years was mailed by respondent on December 6, 1989. On some unspecified date after petitioner filed his petition herein, he provided respondent with a Form 1040, Federal Individual Income Tax Return for 1986. This return was not processed by respondent. Apparently, he also later provided another Form 1040 for 1986. During 1986, petitioner worked for wages from his employer, Armco, Inc., and the W-2 issued petitioner indicates a withholding tax credit of $ 7,931.43. Respondent's proposed computation for 1986, taking into consideration the concessions of the parties, indicates a tax liability of $ 5,421, a tentative overpayment of $ 2,510, and no allowed overpayment. Respondent's computation states that the overpayment is disallowed because the payment was made more than 2 years before the notice of deficiency was issued, and petitioner failed to file a return for the year. Accordingly, respondent alleges that the Court lacks jurisdiction over the refund of an overpayment under section 6512(b)(3). We agree with respondent that petitioner is not entitled to a refund of the *276 overpayment. We note that petitioner did not file a claim for refund for 1986 prior to the mailing of the notice of deficiency on December 6, 1989. Section 6512(b)(1) gives to this Court jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded for 1986. However, section 6512(b)(3) limits the amount of the allowable credit or refund based on the time of payment of the tax; i.e., the tax must either be paid after the mailing of the deficiency notice or paid within certain limitations periods for filing a claim for credit or refund. Accordingly, we turn to the question of limitations. In this regard, section 6512(b)(3) provides that: (3) LIMIT ON AMOUNT OF CREDIT OR REFUND. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that *277 there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency --
(i) which had not been disallowed before that date, (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.
No payments were made after the mailing of the notice of deficiency. Sec. 6512(b)(3)(A). Prior to considering the precise time limitations Congress has provided for the allowance of credits and refunds, it is appropriate to consider the date upon which the withheld amounts from petitioner's wages are deemed to have been paid by him. Section 6513(b)(1) provides, in general, that any tax deducted and withheld at the source during any calendar year shall "be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect *278 to which such tax is allowable as a credit under section 31." Thus, all of the taxes withheld from petitioner's wages during 1986 are deemed to have been paid by him on April 15, 1987. Thus, any overpayment by petitioner is deemed to have been made as of that date. We turn now to the time limitations Congress has set forth on the allowance of credits and refunds. Before the time of mailing of the deficiency notice for 1986, petitioner did not file an income tax return for 1986 nor any claim for credit or refund of an overpayment of 1986 tax. Consequently, section 6512(b)(3)(B) limits the amount to be credited or refunded to that portion of the tax the Tax Court determines to have been paid within the 2-year period applicable under 6511(b)(2)(B). That section provides that where a return has not been filed, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. A claim for refund need not actually be filed; section 6512(b)(3)(B) only requires that a timely claim could have been filed seeking an overpayment at the time the deficiency notice was mailed, i.e., "that the overpaid taxes were *279 not yet barred for credit or refund when the notice of deficiency was issued." Estate of Wheeler v. Commissioner, T.C. Memo. 1979-321. In the case at bar, however, unlike Wheeler, recovery of the overpaid tax was barred by the date the notice of deficiency was issued. The notice of deficiency for 1986 was mailed on December 6, 1989, to petitioner. Thus, the 2-year "look-back period" in this case covers only tax paid on or after December 6, 1987. Pursuant to the provisions of section 6512(b)(3)(B), petitioner is deemed to have filed a claim for credit or refund on the date the notice of deficiency was mailed. Allen v. Commissioner, 99 T.C. 475, 477 (1992); Berry v. Commissioner, 97 T.C. 339 (1991); Davison v. Commissioner, T.C. Memo. 1992-709; Braman v. Commissioner, T.C. Memo. 1992-636; Liles v. Commissioner, T.C. Memo. 1989-613. Accordingly, petitioner is entitled to recover only excess withholding deemed to have been paid on or after December 6, 1987. Petitioner, however, has made no such *280 payments. His withholding tax credits for 1986 are deemed to have been paid on April 15, 1987. We note that had petitioner chosen to file a timely 1986 return, as he is required by law to do, sections 6001 and 6012, the 3-year limitation of section 6511(b)(2)(A) would have been applicable, and petitioner's overpayment claims would have been allowed through April 15, 1990. Petitioner's failure to file his return has resulted in his overpayment being barred by section 6511(b)(2)(B). We note, for the record, that the 1986 returns which petitioner sent to respondent, after the mailing of the deficiency notice and after petitioner's petition to this Court, in no manner change the result herein. The mailing of the deficiency notice limits the determination of an overpayment to those amounts paid 2 years prior to the mailing of the notice. Decision will be entered pursuant to respondent's computations for 1986 and 1987 and will determine no overpayment for 1986. Footnotes
*. This is a supplement to our opinion in Freiberg v. Commissioner↩, T.C. Memo. 1992-615.
1. Unless otherwise indicated, section references are to the Internal Revenue Code for the year in issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩