DAVID S. PHILLIPS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE SERVICE
Phillips v. Commissioner
Docket No. 1978-91
United States Tax Court
T.C. Memo 1993-284; 1993 Tax Ct. Memo LEXIS 287; 65 T.C.M. (CCH) 3038; June 29, 1993, Filed *287 Decision will be entered under Rule 155. P overpaid his 1987 Federal income tax through withholding. R mailed a notice of deficiency to P on Oct. 31, 1990. P filed a 1987 income tax return on Jan. 28, 1991, claiming an overpayment. Held: Under sec. 6512(b)(3)(B), I.R.C. 1986, the statute of limitations on credit or refund of a tax overpayment determined by the Tax Court requires application of rules to facts existing at the date of the mailing of the notice of deficiency. If no tax return had been filed by that date, then the "look-back" period as to an overpayment determined by the Tax Court is the 2 years immediately preceding the mailing of the notice of deficiency. Sec. 6511(b)(2)(B), I.R.C. 1986. P's tax payments were made more than 2 years before the notice of deficiency was mailed, and so P is not entitled to credit or refund of the amount by which he overpaid his 1987 income tax. David S. Phillips, pro se. For respondent: Ruud L. DuVall and Robert N. Deitz. CHABOT
CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined a deficiency in Federal individual income tax against petitioner for 1987 in the amount of $ 10,904, and additions to tax under section *288 6651(a) [1] (failure to file timely) in the amount of $ 1,912.25, section 6653(a)(1)(A) (negligence, etc.) in the amount of $ 545.20, section 6653(a)(1)(B) (negligence, etc.), in the amount of 50 percent of the interest on $ 7,649, and section 6654(a) (failure to pay estimated tax) in the amount of $ 369.18. After concessions by respondent, [2] the issue for decision is whether petitioner is barred by the time limitations under sections 6511 and 6512 from obtaining from this Court a determination that he has an overpayment of his 1987 Federal individual income tax. *289 A. Background
The instant case was submitted fully stipulated; the stipulations and stipulated exhibits are incorporated herein by this reference. When the petition was filed in the instant case, petitioner resided in Richmond, Virginia. In 1987 Federal individual income taxes were withheld from the income of petitioner in the amount of $ 3,255. Respondent sent to petitioner a notice of deficiency on October 31, 1990. Petitioner submitted to respondent a 1987 tax return dated January 25, 1991. Respondent received this tax return on January 28, 1991. On this 1987 tax return, petitioner reported adjusted gross income of $ 37,374.11, income tax liability of $ 3,039, and income tax withheld of $ 3,255, and claimed a refund of $ 216. Petitioner had not previously filed a Federal 1987 income tax return. On January 28, 1991, petitioner filed a petition in the Tax Court. On April 2, 1991, petitioner filed an amended petition in the Tax Court. Respondent filed the answer to the amended petition on May 15, 1991. On March 23, 1992, respondent moved for leave to amend the answer to assert, for the first time, that petitioner's claim for refund is barred by the statute of limitations. *290 At a hearing on March 23, 1992, petitioner stated that he did not object to respondent's motion, and respondent's motion was granted on March 23, 1992. [3]
Petitioner's correct tax liability for 1987 is $ 3,031; he is overwithheld in the amount of $ 224. B. Analysis
Petitioner's taxes were deemed paid more than 2 years before respondent mailed the notice of deficiency to him (Oct. 31, 1990), and less than 3 years before petitioner filed his 1987 tax return (Jan. 28, 1991). See sec. 6513(b)(1). Petitioner contends that he is entitled to a determination of an overpayment of his 1987 Federal income tax. Respondent contends that petitioner is not entitled to a determination of an overpayment because of the time limitations of sections *291 6511 and 6512. We agree with respondent. Section 6511[4] *292 provides the general statute of limitations for credits or refunds. Section 6512[5] *293 provides, as its title indicates, a special rule for credits or refunds "in case of petition to Tax Court". Section 6512(a)(1) permits suits by taxpayers for the recovery of any part of the tax "As to overpayments determined by a decision of the Tax Court which has become final". Section 6512(b)(1) provides that "Except as provided by paragraph (3)" the Tax Court may determine an overpayment, which shall be credited or refunded. Section 6512(b)(3)[6] provides that there shall not be a credit or refund of any portion of the tax unless that portion was paid during one of three time periods. The only one of these periods that is applicable in the instant case is the one in section 6512(b)(3)(B). [7]
Section 6512(b)(3)(B) permits a credit or refund if the Court determines that the tax was paid -- within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court *294 finds that there is an overpayment, * * *
Subsections (c) and (d) of section 6511 do not affect the instant case, so our focus is on section 6511(b)(2). We arrive at section 6511(b)(2) because we have been instructed to go there by section 6512(b)(3)(B). See Gunther v. Commissioner, 92 T.C. 39, 61-63 (1989), affd. 909 F.2d 291 (7th Cir. 1990). The instruction in section 6512(b)(3)(B) directs us to focus on the situation as it would have been on a specified date -- the date of the mailing of the notice of deficiency. Thus, this provision requires us to "take a snapshot" of the situation as of October 31, 1990. With that in mind, we proceed to section 6511(b)(2). Section 6511(b)(2) has three subparagraphs, each providing what has been referred to as a "look-back" rule. (See our recent comment in Allen v. Commissioner, 99 T.C. 475, 478-479 n.5 (1992), on appeal (6th Cir., Feb. 16, 1993), noting the difference between the look-back periods described in section 6511(b)(2) and the period for filing a claim described in section 6511(a).) In the instant case we consider whether subparagraph *295 (A) or (B) of section 6511(b)(2) applies. Neither side contends that subparagraph (C) applies. Section 6511(b)(2)(A) provides the rule for the situation where "the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a)". For any tax "in respect of which tax the taxpayer is required to file a return", section 6511(a) prescribes only the period "within 3 years from the time the return was filed". On October 31, 1990, the deemed-claim date, petitioner's 1987 tax return had not been filed, so there was no "3-year period prescribed in subsection (a)". Because there was no 3-year period as prescribed in section 6511(a), no claim had been filed within that 3-year period. Therefore, section 6511(b)(2)(A) cannot provide the rule for decision in the instant case. Section 6511(b)(2)(B) provides the rule for the situation where the claim was filed, but not within the 3-year period prescribed in section 6511(a). This is the situation in the instant case. That is, section 6512(b)(3)(B) directs us to make a determination assuming that a claim for credit or refund was filed on October 31, 1990 (the date the notice of deficiency was mailed), but no tax return *296 had been filed by that date, so the deemed claim for credit or refund was not filed within the 3-year period prescribed in section 6511(a). In this situation, section 6511(b)(2)(B) provides a 2-year look-back period. That is, "the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim." Petitioner's 1987 income taxes were paid entirely by withholding in 1987, and so were deemed paid on April 15, 1988. Sec. 6513(b)(1). April 15, 1988, is more than 2 years before October 31, 1990. Thus, no portion of petitioner's 1987 income taxes was paid within the 2-year period immediately before October 31, 1990. We conclude from the foregoing that petitioner is not entitled to a determination from this Court that he has an overpayment that can be credited or refunded. This conclusion is consistent with a long line of Tax Court precedents, among the most recent of which are Patronik-Holder v. Commissioner, 100 T.C.    (1993); Allen v. Commissioner, supra; Galuska v. Commissioner, 98 T.C. 661 (1992); and Berry v. Commissioner, 97 T.C. 339 (1991). *297 The result of a statute of limitations bar on credit or refund may seem harsh in view of an actual overpayment, e.g., Allen v. Commissioner, 99 T.C. at 480; Berry v. Commissioner, 97 T.C. at 345. However, the statute is intricate and precise, e.g., Allen v. Commissioner, supra; see Minahan v. Commissioner, 88 T.C. 492, 505 (1987) (as to section 6501). We apply the statute as the Congress enacted it. We conclude that petitioner is not entitled to a determination that he has an overpayment of 1987 income taxes. To take account of respondent's concessions, see supra note 2, Decision will be entered under Rule 155.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1986 as in effect for 1987; references to secs. 6511 and 6512↩ are to those sections of the Internal Revenue Code of 1986 as in effect for the date on which respondent mailed the notice of deficiency.
2. Respondent has conceded all of the additions to tax.↩
3. As we have noted, sec. 6512(b) includes words suggesting that this statute of limitations may be jurisdictional. Woody v. Commissioner, 95 T.C. 193, 204 (1990); Hollie v. Commissioner, 73 T.C. 1198, 1205↩ n.9 (1980).
4. Sec. 6511 provides, in pertinent part, as follows: SEC. 6511. LIMITATIONS ON CREDIT OR REFUND. (a) Period of Limitation on Filing Claim. -- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. * * * (b) Limitation on Allowance of Credits and Refunds. -- (1) Filing of claim within prescribed period. -- No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in subsection (a) for the filing of a claim for credit or refund, unless a claim for credit or refund is filed by the taxpayer within such period. (2) Limit on amount of credit or refund. -- (A) Limit where claim filed within 3-year period. -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. * * * (B) Limit where claim not filed within 3-year period. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim. (C) Limit if no claim filed. -- If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.↩
5. Section 6512 provides, in pertinent part, as follows: SEC. 6512. LIMITATIONS IN CASE OF PETITION TO TAX COURT. (a) Effect of Petition to Tax Court. -- If the Secretary has mailed to the taxpayer a notice of deficiency under section 6212(a) (relating to deficiencies of income, estate, gift, and certain excise taxes) and if the taxpayer files a petition with the Tax Court within the time prescribed in section 6213(a) * * *, no credit or refund of income tax for the same taxable year, * * * to which such petition relates, in respect of which the Secretary has determined the deficiency shall be allowed or made and no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court except -- (1) As to overpayments determined by a decision of the Tax Court which has become final; * * * (b) Overpayment Determined by Tax Court. -- (1) Jurisdiction to determine. -- Except as provided by paragraph (3) and by section 7463, if the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, * * * in respect of which the Secretary determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer. * * * (3) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid -- * * * (B) within the period which would be applicable under section 6511(b)(2), (c), or (d)↩, if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, * * *
6. Many prior opinions refer to sec. 6512(b)(2). However, sec. 6244(a) of the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, 102 Stat. 3342, 3750, redesignated sec. 6512(b)(2) as sec. 6512(b)(3)↩, effective for overpayments determined by the Tax Court which had not been refunded on the 90th day after Nov. 10, 1988. TAMRA sec. 6244(c).
7. Sec. 6512(b)(3)(A) involves payments made after the mailing of the notice of deficiency. In the instant case, no payments were made after October 31, 1990. Sec. 6512(b)(3)(C)↩ involves situations where the taxpayer files a claim for credit or refund before the date of the mailing of the notice of deficiency. In the instant case, petitioner did not file a claim for credit or refund before Oct. 31, 1990.