MARY J. ROSSMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rossman v. Commissioner
Docket No. 17599-91
United States Tax Court
T.C. Memo 1993-351; 1993 Tax Ct. Memo LEXIS 354; 66 T.C.M. (CCH) 336; August 11, 1993, Filed *354 Decision will be entered under Rule 155. For petitioner: David M. Kirsch. For respondent: Deirdre A. James. HAMBLEN
HAMBLEN
MEMORANDUM OPINION HAMBLEN, Chief Judge: By statutory notice of deficiency dated May 7, 1991, respondent determined a deficiency in petitioner's 1988 Federal income tax and additions to tax as follows: Additions to tax Deficiency
Sec. 6653(a)(1)
Sec. 6651(a)
$ 17,755
$ 887.75
$ 231.50
Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the taxable year at issue, and Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, [1] the sole issue for decision is whether petitioner is entitled to a determination from this Court that petitioner has an overpayment of her 1988 Federal individual income tax, or whether the statutory time limitations of sections 6511 and 6512 proscribe such a determination. *355 Background
This case was submitted fully stipulated under Rule 122. The stipulation and attached exhibits are incorporated by this reference. Petitioner resided in Los Altos Hills, California, at the time the petition was filed in this case. On or before April 15, 1989, petitioner filed an Application for Automatic Extension of Time to File U.S. Individual Income Tax Return (Form 4868) for the taxable year 1988. On or before August 15, 1989, petitioner also filed an Application for Additional Extension of Time to File U.S. Individual Income Tax Return (Form 2688) for the taxable year 1988. Accordingly, the date by which petitioner was required to file her 1988 income tax return was extended to October 16, 1989. Petitioner did not file her income tax return on or before that date. On May 7, 1991, respondent issued a notice of deficiency to petitioner relating to her 1988 income tax liability. As of May 7, 1991, petitioner still had not filed an income tax return or a claim for refund for 1988. However, on July 14, 1991, petitioner filed her 1988 income tax return with the Internal Revenue Service Center in Fresno, California. Petitioner filed her petition with this *356 Court on August 7, 1991. The parties now agree that petitioner's total income tax liability for 1988 is $ 10,958. As a result of Federal income tax withholding from her wages, petitioner paid a total of $ 16,829.44 for the 1988 taxable year. Accordingly, there was an overpayment of petitioner's 1988 Federal income taxes in the amount of $ 5,871.44. Petitioner contends that she is entitled to a determination of an overpayment of her 1988 Federal income tax, and that the overpayment should be refunded to her. Respondent contends that petitioner is not entitled to a determination of an overpayment because of the time limitations of sections 6511 and 6512. We agree with respondent. Discussion
Under section 6512(b)(1), this Court has jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded to a taxpayer. [2]Patronik-Holder v. Commissioner, 100 T.C.    ,     (1993) (slip op. at 6-7); Allen v. Commissioner, 99 T.C. 475, 476-477 (1992); Galuska v. Commissioner, 98 T.C. 661, 664 (1992); Berry v. Commissioner, 97 T.C. 339, 342 (1991). *357 However, section 6512(b)(3) limits the amount of allowable credit or refund based on the time of payment of the portion of tax to be credited or refunded.
Section 6512(b)(3) provides that no credit or refund shall be allowed unless this Court determines that the portion was paid by the taxpayer at or during one of the three time periods specified in subparagraphs (A), (B), and (C). Section 6512(b)(3)(B), the applicable provision in this case, provides: (3) Limit on amount of credit or refund. -- No such credit or refund shall be allowed or made of any portion of the tax unless *358 the Tax Court determines as part of its decision that such portion was paid -- * * * (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment * * * [Emphasis added.]
Pursuant to this provision, a taxpayer is deemed to have filed a claim for credit or refund on the date the notice of deficiency was mailed. Patronik-Holder v. Commissioner, supra at     (slip op. at 9); Allen v. Commissioner, supra at 477; Berry v. Commissioner, supra at 345. Refund or credit may be made or allowed of any amounts that could have been refunded or credited under section 6511(b)(2), (c), or (d) with respect to such deemed claim. Neither party claims that subsections (c) and (d) of section 6511 are applicable here. Thus, we focus on section 6511(b)(2). Section 6511(b)(2) contains three subparagraphs, each providing what is commonly referred to as a "look-back" rule. [3] If subparagraph (A) of section *359 6511(b)(2) applies, then the credit or refund shall not exceed the amount of tax paid during the period, immediately preceding the filing of the (deemed) claim, equal to 3 years plus the amount of extension of time for filing the return (hereinafter sometimes referred to as the 3-year look-back period). If, on the other hand, subparagraph (B) applies, then the refund or credit shall not exceed the amount of tax paid during the 2-year period immediately preceding the filing of the (deemed) claim (hereinafter sometimes referred to as the 2-year look-back period). *360 The dispute between the parties centers on which subparagraph, (A) or (B), of section 6511(b)(2) applies to petitioner's claim for refund. [4] Pursuant to section 6512(b)(3)(B), petitioner's claim is deemed to have been filed on May 7, 1991, the date that the notice of deficiency was mailed to her. Pursuant to section 6513(b)(1), petitioner is deemed to have paid the taxes her employer withheld from her salary during 1988 on April 15, 1989. Thus, petitioner's 1988 taxes were paid more than 2 but less than 3 years prior to the deemed filing of the claim for refund. Accordingly, if the 3-year look-back period of subparagraph (A) of section 6511(b)(2) applies, petitioner is entitled to a refund of her overpayment of tax for 1988, while if the 2-year look-back period of subparagraph (B) applies, the refund of the overpayment is barred. This Court has consistently held that where, as in the present case, the taxpayer failed to *361 file a tax return prior to the date that the notice of deficiency was mailed, the 2-year look-back period of subparagraph (B) of section 6511(b)(2), rather than the 3-year look-back period of subparagraph (A) of that section, is applicable. Patronik-Holder v. Commissioner, supra; Allen v. Commissioner, supra; Galuska v. Commissioner, supra; Berry v. Commissioner, supra. This is so regardless of whether a claim for credit or refund is filed subsequent to the date the notice of deficiency is mailed. See Allen v. Commissioner, supra at 479; Berry v. Commissioner, supra at 344. The 3-year look-back period applies only if the claim was filed during the "3-year period prescribed in [section 6511(a)]." Sec. 6511(b)(2)(A).[5] Section 6511(a) provides that the claim for credit or refund "shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within *362 2 years from the time the tax was paid." (Emphasis added.) In Allen, we reasoned that -- This use of the imperative "shall be filed", in conjunction with the use of the past tense "was filed" in relation to the return, indicates that in order for the 3-year period of limitations to apply, the return must be filed at or before the time at which the claim for credit or refund is filed or deemed to be filed. * * * [Allen v. Commissioner, 99 T.C. at 479.]
Since at the time the claim *363 is deemed to have been filed (the date the notice of deficiency was mailed) petitioner had not yet filed a 1988 tax return, the 3-year period prescribed in section 6511(a) does not apply. Consequently, the 3-year look-back period provided for in subparagraph (A) of section 6511(b)(2) does not apply in this case. Instead, the 2-year look-back period of section 6511(b)(2)(B) applies. Under section 6512(b)(3)(B), petitioner is deemed to have filed a claim for credit or refund on May 7, 1991, the date the notice of deficiency was mailed. Accordingly, under the 2-year look-back rule of section 6511(b)(2)(B), petitioner is entitled to recover only that portion of the tax paid on or after May 7, 1989. Because section 6513(b)(1) deems the tax withheld from petitioner's wages during 1988 to have been paid on April 15, 1989, no portion of the tax was paid during the 2-year look-back period. Therefore, we hold that petitioner is not entitled to a determination that she has an overpayment of her 1988 income tax. Petitioner contends that our deemed claim analysis is not supported by the statute and that, instead, the proper test is whether the taxpayer could have filed a valid tax return *364 and claim for refund on the date the notice of deficiency was mailed.[6] *365 We disagree. The language "if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed)", contained in section 6512(b)(3)(B), specifically directs this Court, for the purpose of applying section 6511(b)(2), to assume that a claim had been filed -- a deemed claim concept. Lundy v. Commissioner, T.C. Memo. 1993-278. It instructs us to apply section 6511(b)(2) to a specific hypothetical situation -- the filing of a claim on the date the notice of deficiency was mailed. It does not authorize us to determine what would have happened had a tax return been filed on the date the notice of deficiency was mailed. [7]
Petitioner further contends that the deemed claim provided for in section 6512(b)(3)(B) should also constitute a deemed return. Again, we disagree with petitioner. Although one document could serve both functions -- be a tax return and also be a claim for credit or refund -- it does not follow that "tax return" and "claim for credit or refund" are interchangeable terms. Lundy v. Commissioner, supra. *366 Section 6511(a) contains the term "return" three times and the phrase "Claim for credit or refund" twice in close juxtaposition. From this, we conclude that the Congress understood that there was a difference between a tax return and a claim for credit or refund. Section 6512(b)(3)(B), the application of which depends in part on section 6511(a), refers to a claim for credit or refund and does not refer to a tax return. Accordingly, we conclude that section 6512(b)(3)(B) embodies a deemed-claim, but not a deemed-return, concept. Lundy v. Commissioner, supra.
Petitioner also contends that the omission of any explicit reference to a notice of deficiency in section 6511 indicates that whether or not a notice of deficiency has been issued is irrelevant to the application of section 6511(b)(2), and is therefore irrelevant to the determination of whether the 2-year look-back period or the 3-year look-back period applies. Again we disagree. This contention ignores the interrelationship between sections 6511 and 6512(b)(3)(B). We arrive at section 6511(b)(2) because we have been instructed to go there by section 6512(b)(3)(B). The instruction in *367 section 6512(b)(3)(B) explicitly directs us to apply section 6511(b)(2) on a specified date -- the date of the mailing of the notice of deficiency. Petitioner's final contention is that the denial of relief by this Court will create an unreasonable disparity between those taxpayers in petitioner's situation who choose to pursue their claims in the Tax Court and those who utilize a District Court or the Court of Federal Claims. In support of this contention, petitioner alleges that, if she had paid the asserted deficiency and then sued for a refund in the District Court or the Court of Federal Claims, either of those courts would have had jurisdiction to refund her overpayment. We do not view this potential disparity as affecting our decision. Other differences exist between the application of the statutes of limitations to Tax Court proceedings and the application to refund proceedings in other courts. Lundy v. Commissioner, supra (discussing examples of these differences). Therefore, the fact that a potential disparity exists between forums is not a sufficient reason to depart from the plain meaning of the statutory language. Petitioner contends *368 that a recent decision by the Court of Appeals for the Eleventh Circuit, Bokum v. Commissioner, 992 F.2d 1136 (11th Cir. 1993), affg. T.C. Memo. 1990-21, provides authority for her "unreasonable disparity" argument. [8] Although the opinion in that case contains some language that could support petitioner's position, we find that case to be distinguishable from the present case. The Court of Appeals in Bokum ruled that this Court has jurisdiction to determine an equitable estoppel claim raised by a taxpayer in a case properly brought before this Court. [9] *369 Unlike the equitable estoppel jurisdictional issue raised in Bokum, for which no specific statutory provision applied, the issue in the present case is explicitly governed by section 6512(b)(3)(B). The Bokum decision recognized the distinction between situations where this Court's authority to decide an issue is governed by a specific statute and those where it is not, stating that "the Tax Court has no equitable power to expand its statutorily prescribed jurisdiction." Bokum v. Commissioner, supra at 1140 (citing Commissioner v. McCoy, 484 U.S. 3, 7 (1987)). Under this reasoning, we are required to follow the explicit statutory limitations of section 6512(b)(3)(B).
Although the result in the present case may seem harsh, had petitioner timely filed her 1988 *370 tax return, as she is required to do by law, she would have been entitled to a credit or refund. "The unhappy result for petitioner is the consequence of a 'problem of * * * [her] own creation'". Allen v. Commissioner, 99 T.C. 475, 480 (1992) (quoting Berry v. Commissioner, 97 T.C. 339, 345 (1991)). The statute is intricate and precise, and we must apply it as the Congress enacted it. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. Respondent has conceded that petitioner is not liable for additions to tax under secs. 6651(a) and 6653(a)(1).↩
2. Sec. 6512(b)(1) provides in relevant part: (1) Jurisdiction to determine. -- Except as provided by paragraph (3) * * *, if the Tax Court finds that there is * * * a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.↩
3. Sec. 6511(b)(2) provides in relevant part: (2) Limit on amount of credit or refund. -- (A) Limit where claim filed within 3-year period. -- If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. * * * (B) Limit where claim not filed within 3-year period. -- If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.↩
4. Neither of the parties suggests that subpar. (C) of sec. 6511(b)(2) is applicable here.↩
5. In Allen v. Commissioner, 99 T.C. 475, 478-479 n.5 (1992), we noted that "There is potential confusion because two different 3-year periods are referred to in sec. 6511(b)(2)(A). One is based on the 3-year period for filing a claim for refund in sec. 6511(a), measured from the time a return was in fact filed, and the other limiting the amount refundable↩ to the amount paid during the 3-year look-back period immediately preceding the filing of the claim."
6. Under this proposed (but incorrect) standard, petitioner would be entitled to a refund. If, absent the mailing of a notice of deficiency, petitioner had filed a tax return on May 7, 1991, reporting the overpayment, the return would have constituted a timely claim for refund, and the 3-year look-back period of sec. 6511(b)(2)(A) would have applied. See Risman v. Commissioner, 100 T.C.    ↩ (1993).
7. Petitioner's erroneous interpretation of the statutory standard might be due, in part, to her misquotation of the applicable statutory language. On at least two occasions, petitioner's brief misquotes the language of sec. 6512(b)(3)(B). The brief, purportedly quoting the statute, states that sec. 6512(b)(3)(B) authorizes this Court to determine a refund provided that a timely and effective claim ""could have been filed" under sec. 6511(b)(2). (Emphasis added.) The phrase "could have been filed" does not appear in sec. 6512(b)(3)(B). Instead, sec. 6512(b)(3)(B) provides for the application of sec. 6511(b)(2) as if a claim "had been↩ filed". (Emphasis added.)
8. We note that the present case is appealable to the Court of Appeals for the Ninth Circuit, and Bokum v. Commissioner, 992 F.2d 1136 (11th Cir. 1993), affg. T.C. Memo. 1990-21, is therefore not controlling. Golsen v. Commissioner, 445 F.2d 985 (10th Cir. 1971), affg. 54 T.C. 742↩ (1970).
9. The Court of Appeals in Bokum↩, although finding in the taxpayers' favor on the jurisdictional issue, ruled against the taxpayers on the merits of their equitable estoppel claim.