SARAH T. LITTLE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Little v. Commissioner
Docket No. 2626-94
United States Tax Court
T.C. Memo 1995-1; 1995 Tax Ct. Memo LEXIS 2; 69 T.C.M. (CCH) 1575; January 3, 1995, Filed *2 Decision will be entered for petitioner as to the deficiency and addition to tax, and petitioner is not entitled to a credit or refund of an overpayment. Sarah T. Little, pro se. For respondent: William A. McCarthy. COUVILLION
COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b)(3) [1] and Rules 180, 181, and 182. Respondent determined a deficiency of $ 1,716 in Federal income tax and an addition to tax under section 6651(a)(1) in the amount of $ 371 with respect to petitioner's 1990 tax year. At trial, respondent conceded the deficiency in tax and the addition to tax. *3 The sole issue for decision is whether petitioner is barred under section 6511(a) from the refund of an overpayment of taxes for 1990 resulting from a wage withholding credit under section 31(a) and an earned income credit under section 32(a). Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference. At the time the petition was filed, petitioner's legal residence was Seattle, Washington. At the time the notice of deficiency was issued, petitioner had not filed a Federal income tax return for 1990. Respondent determined a deficiency based upon reports received from payors of income. The notice of deficiency was mailed to petitioner on November 15, 1993. On February 1, 1994, petitioner prepared a Federal income tax return, which reflected an overpayment of taxes and requested refund of an overpayment of $ 962.50, consisting of $ 232.50 withheld taxes and a $ 730 earned income credit. Petitioner mailed this return to the Internal Revenue Service Center (IRS) at Ogden, Utah; however, the IRS did not file or process the return. [2] Petitioner thereafter met with an IRS examiner and, as a result of that *4 examination, petitioner and the IRS examiner agreed that petitioner had no tax deficiency for 1990. Petitioner, however, declined to settle her case because the IRS refused to acknowledge petitioner's entitlement to the refund of an overpayment of withheld taxes and the earned income credit. Petitioner's reason for not timely filing a 1990 return was that she was ill; she knew she owed no taxes and had overpaid her taxes and was assured on several occasions by IRS employees that she could file a return within 3 years from the required filing date for 1990 and obtain a refund for her overpaid taxes. Prior to issuance of the notice of deficiency, petitioner had not filed a claim for refund. At trial, the parties agreed that petitioner had no tax deficiency for 1990 based upon agreed amounts *5 of income, filing status, allowable exemptions, itemized deductions, trade or business expenses, and capital gains. The parties further agreed that petitioner had Federal income taxes of $ 232.50 withheld from her wages for 1990, and that, for 1990, she was also entitled to an earned income credit of $ 786. Respondent contends petitioner is barred under section 6511(a) from a refund of her 1990 overpayment with respect to the taxes withheld and the refundable earned income credit. Section 6511(a) provides generally that a claim for credit or refund of an overpayment of tax, with respect to a tax for which the taxpayer is required to file a return, shall be filed by the taxpayer within 3 years from the time the return is filed, or within 2 years from the time the tax was paid, whichever is later. Section 6511(a) further provides that, if no return is filed by the taxpayer, the claim for credit or refund must be filed within 2 years from the time the tax was paid. If the claim for refund is filed within the 3-year period set out in section 6511(a), the amount of the credit or refund is limited under section 6511(b)(2)(A) to that portion of the tax paid within the period immediately *6 preceding the filing of the claim equal to 3 years plus any extensions of time for filing the return. Under section 6511(b)(2)(B), if the claim for refund is not filed within the 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2-year period immediately preceding the filing of the claim. If no claim was filed, section 6511(b)(2)(C) provides that the credit or refund shall not exceed the amount that would be allowable under section 6511(b)(2)(A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed. Section 6512(a) and (b) vests this Court with jurisdiction to determine an overpayment of taxes, and the amount of such overpayment to be credited or refunded for any year before the Court. However, section 6512(b)(3) limits the amount of the allowable credit or refund based on the date the tax was paid, taking into account the three time periods set forth in three subparagraphs of section 6512(b)(3): (3) LIMIT ON AMOUNT OF CREDIT OR REFUND. -- No such credit or refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion *7 was paid -- (A) after the mailing of the notice of deficiency, (B) within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or (C) within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency * * *
To determine petitioner's entitlement to refund of an overpayment under the above statutory authority, the first determination to be made is the date petitioner's withheld taxes and earned income credit are deemed to have been paid. Section 6513(b)(1) provides, in general, that any tax deducted and withheld at the source during any calendar year shall, "in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31." Thus, the $ 232.50 *8 of taxes withheld from petitioner's wages during 1990 are deemed to have been paid on April 15, 1991. With respect to the $ 786 earned income credit, under section 6401(b)(1), the earned income credit is a refundable credit, and, to the extent the credit exceeds the tax imposed, the excess amount of the credit is considered an overpayment. Section 6402(a) provides that, "In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment * * * against any liability in respect of any internal revenue tax on the part of the person who made the overpayment and shall * * * refund any balance to such person." Section 31.6402(a)-1(a), Employment Tax Regs., provides "For regulations under section 6402 of general application to credits or refunds, see §§ 301.6402-1 and 301.6402-2 of this chapter (Regulations on Procedure and Administration)." Section 31.6402(a)-1(b), Employment Tax Regs., states that "For the period of limitation upon credit or refund of taxes * * *, see § 301.6511(a)-1 of this chapter (Regulations on Procedure and Administration)." The Court concludes that, under the statutory authority cited, the overpayment *9 resulting from the earned income credit under section 32(a), just as taxes withheld on wages under section 31(a), is deemed paid by the taxpayer on the 15th day of the fourth month following the close of the taxpayer's taxable year. Petitioner's earned income credit necessarily was based upon her "earned income", which could be determined when her tax return was due to be filed, the 15th day of the fourth month following the close of her taxable year. The overpayment resulting from the earned income credit, therefore, as well as the taxes withheld on her wages, is deemed to have been paid on April 15, 1991. The next consideration is the time limitations provided for the allowance of credits and refunds. In this case, no payments were made after the mailing of the notice of deficiency. Sec. 6512(b)(3)(A). Before the mailing of the notice of deficiency, petitioner had not filed an income tax return for 1990, nor had she filed any claim for credit or refund of an overpayment for 1990. Sec. 6512(b)(3)(C). Consequently, section 6512(b)(3)(B) applies and limits the amount to be credited or refunded to that portion of the tax the Court determines to have been paid within the 2-year *10 period under section 6511(b)(2)(B). [3] A claim for refund need not actually be filed, because section 6512(b)(3)(B) only requires that a timely claim could have been filed seeking an overpayment at the time the deficiency notice was mailed.
The notice of deficiency in this case was mailed on November 15, 1993. Under section 6512(b)(3)(B), petitioner is deemed to have filed a claim for credit or refund on the date the notice of deficiency was mailed. Allen v. Commissioner, 99 T.C. 475 (1992), affd. without published opinion 23 F.3d 406 (6th Cir. 1994); Berry v. Commissioner, 97 T.C. 339 (1991); *11 Davison v. Commissioner, T.C. Memo. 1992-709, affd. without published opinion 9 F.3d 1538 (2d Cir. 1993). Accordingly, under the 2-year period of limitations of section 6511(b)(2)(B), petitioner is entitled to a refund of any payments that were made on or after November 15, 1991. There were no such payments or withholdings. Therefore, the Court holds petitioner is not entitled to a refund or credit for the overpayment of her tax for 1990. Petitioner argues that, because of illness, she was unable to timely file her 1990 income tax return and, therefore, had reasonable cause for the late filing of her return. She contends that, because illness constitutes reasonable cause for the late filing of a return, section 6651(a)(1) exonerates her from any "sanctions" resulting from such late filing, including application of the limitation provisions of section 6511(a). The Court rejects that argument. Where a taxpayer fails to timely file a return, and the failure to timely file is due to reasonable cause and not due to willful neglect, the addition to tax for late filing under section 6651(a)(1) is not applicable. However, this *12 exoneration provision is only applicable to the addition to tax provided for in section 6651; there is no comparable provision in either section 6511 or section 6512 that would suspend the limitation periods therein provided where the taxpayer had "reasonable cause" for either the late filing of a return or the late filing of a claim for refund of an overpayment. Petitioner argues that respondent "erroneously" issued the notice of deficiency because, prior to its issuance, respondent prepared, on petitioner's behalf, a "substitute" return under section 6020(b)(1). Section 6020(b)(1) provides generally that, if any person fails to make any return required by law or makes willfully, or otherwise, a false or fraudulent return, the Secretary may make such return from his own knowledge and from such information as he can obtain through testimony or otherwise. The substitute return prepared by respondent for petitioner's 1990 tax year contained no income, expense, or tax computation; consequently, petitioner argues that the notice of deficiency was invalid. The Court also rejects that argument. Respondent is authorized, under section 6212(a), to issue a notice of deficiency whenever *13 the Secretary determines that there is a deficiency in respect of any tax imposed under certain sections of the Internal Revenue Code, which includes income taxes. This authority to issue a notice of deficiency is not based upon or conditioned upon the prior filing of an income tax return either by or on behalf of the taxpayer. The notice of deficiency in this case is valid. Mayerson v. Commissioner, 47 T.C. 340 (1966); Jenny v. Commissioner, T.C. Memo. 1983-1; Milgroom v. Commissioner, T.C. Memo. 1983-445. Petitioner further contends that respondent should have rescinded the notice of deficiency under section 6212(d). Under section 6212(d), the Secretary may, with the consent of the taxpayer, rescind any notice of deficiency. Any notice so rescinded shall not be treated as a notice of deficiency, and, in such event, the rescission precludes the taxpayer from filing a petition with this Court. The procedures for rescission of the notice of deficiency under section 6212(d) were never initiated by either party in this case. Consequently, the Court rejects petitioner's argument that respondent *14 should have unilaterally rescinded the notice of deficiency. Finally, petitioner contends she was advised by representatives of the IRS that, if she was entitled to a refund, she had 3 years from the due date of her return to file a claim for refund. Therefore, petitioner argues, respondent is estopped from denying her a credit or refund because she relied on such representations. Petitioner's position is without merit. Regardless of what IRS representatives may have advised petitioner, it is well established that the Commissioner is not bound by an erroneous interpretation of law by agents or employees. Dixon v. United States, 381 U.S. 68, 72-73 (1965); Neri v. Commissioner, 54 T.C. 767 (1970); Burk v. Commissioner, T.C. Memo. 1986-233. "The doctrine of equitable estoppel is not a bar to the correction by the Commissioner of a mistake of law." Automobile Club v. Commissioner, 353 U.S. 180, 183 (1957) (fn. ref. omitted). Section 6512 governs the disposition of this case notwithstanding any representation to the contrary by IRS representatives. The Court *15 has concluded that petitioner's claim for refund does not come within the statutory framework of sections 6511(a) and 6512. Petitioner is not entitled to a credit or refund for the 1990 overpayment of her taxes. Decision will be entered for petitioner as to the deficiency and addition to tax, and petitioner is not entitled to a credit or refund of an overpayment.
Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. The petition was filed in this case pursuant to section 7463. Prior to trial, petitioner moved to have the case considered under section 7443A, which was granted. Respondent filed an Answer at trial.↩
2. Although petitioner contends she mailed her return to the IRS and, therefore, "filed" a return, the fact that respondent may or may not have processed and considered the return "filed" is not material to the Court's holding.↩
3. The applicable "look-back" period is the 2-year period of sec. 6511(b)(2)(B) and not the 3-year period of sec. 6511(b)(2)(A), when no income tax return has been filed on or before the date the notice of deficiency was mailed. Sec. 6511(a); Galuska v. Commissioner, 98 T.C. 661, 666, 672 (1992), affd. 5 F.3d 195↩ (7th Cir. 1993).