T.C. Memo. 1996-250


UNITED STATES TAX COURT


LEE R. STEVENS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21524-93.                    Filed May 30, 1996.


Lee R. Stevens, pro se.

Charles M. Ruchelman, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


JACOBS, Judge: Respondent determined the following deficiencies in, and additions to, petitioner's Federal income taxes:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a) | Sec. 6654(a) |
| 1989 | $10,251 | $441.75 | --- |
| 1990 | 10,204 | 603.50 | $101.83 |

Respondent's determinations were reflected in two notices of deficiency, one for each of the years involved.  Respondent now concedes the deficiencies and all additions to tax for both years involved.

Petitioner seeks refunds for claimed overpayments of his 1989 and 1990 Federal income taxes; respondent contends the refunds sought are time-barred.  Accordingly, the issue for decision is whether petitioner is entitled to refunds for claimed overpayments of his 1989 and 1990 Federal income taxes, or whether the statutorily imposed time limitations of sections 6511 and 6512 preclude him from obtaining any portion of his overpayments.  Resolution of this issue depends on whether petitioner  filed his 1989 and 1990 Federal income tax returns as of the date the notices of deficiency were mailed.

All section references are to the Internal Revenue Code in effect for the years under consideration.  All Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly.  The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time he filed his petition, Lee R. Stevens (petitioner) resided in Falls Church, Virginia. Petitioner has a bachelor of arts degree in political science, and two masters of arts degrees, one in public administration and the other in marine affairs.

During the years under consideration, petitioner was a program manager with the Joint Oceanographic Institutions, Inc., in Washington, D.C.

In 1989, petitioner earned $49,544 in wages, $39 in taxable interest income, and $722 in dividend income; he paid $8,484 in withholding tax that year. In 1990, petitioner earned $50,497 in wages, $29 in taxable interest income, and $266 in dividend income; he paid $7,790 in withholding tax that year. The withholding tax payments constitute the sole payments received by respondent with regard to petitioner's 1989 and 1990 tax years. Petitioner has no record that he filed his 1989 or 1990 tax returns. He did not send the returns by certified or registered mail. Petitioner did not use a tax return preparer to prepare his 1989 or 1990 tax returns.

The Internal Revenue Service's (IRS) tax module indicates that petitioner neither filed 1989 or 1990 tax returns nor claimed a credit or refund for a 1989 or 1990 overpayment. The IRS sent letters to petitioner requesting that he file 1989 and 1990 returns. Petitioner claims he never received any such letters. The letters were not returned to the IRS as undeliverable.

On March 29, 1993, the IRS (under the authority of section 6020(b)), constructed 1989 and 1990 returns for petitioner from payor information documents. The notices of deficiency, which were mailed to petitioner's last known address on July 3, 1993, are based on these substitute returns, and the deficiency tax

computations are based upon the allowance of the standard deduction and one personal exemption, as in effect for each year.

Petitioner timely filed a petition in this Court on October 1, 1993; he filed an amended petition on December 6, 1993. The amended petition not only contests the 1989 and 1990 deficiencies and additions to tax, but contains a claim for tax refunds of $906 and $57[1] for 1989 and 1990, respectively. Petitioner stated in the amended petition that he is entitled to his itemized deductions. On February 4, 1994, respondent filed an answer to the amended petition, generally denying petitioner's allegations.

On or about February 25, 1994, petitioner mailed respondent copies of his 1989 and 1990 Federal income tax returns, which petitioner alleges were timely filed on April 15, 1990, and April 15, 1991, respectively. On March 15, 1994, respondent received these documents. The returns reflect tax overpayments of $2,096[2] and $2,135 for 1989 and 1990, respectively, and claimed corresponding refunds. Respondent accepted these returns as filed on March 15, 1994. As stated, respondent acknowledges that petitioner owes no tax deficiencies or additions to tax for 1989 or 1990, but contends that petitioner's refund claims for such years are time-barred.

---

[1]    The amended petition does not specify how these figures were determined.

[2]    Petitioner claimed a $2,068 overpayment on the copy of his 1989 Federal income tax return. After respondent discovered a mathematical error, respondent corrected the 1989 return to reflect a $2,096 overpayment.

Petitioner's case was heard on November 1, 1994. It was held in suspense pending a decision by the Supreme Court regarding the Fourth Circuit Court of Appeals' opinion in <u>Lundy v. Commissioner</u>, 45 F.3d 856 (4th Cir. 1995).[3] The Supreme Court handed down a decision in the <u>Lundy</u> case on January 17, 1996. See <u>Commissioner v. Lundy</u>, 516 U.S. ____, 116 S. Ct. 647 (1996).

Following a January 30, 1996, conference call with the parties, we ordered that the record be "reopened for the limited purpose of allowing petitioner to file a second amended petition on or before February 29, 1996." On February 27, 1996, petitioner filed a second amended petition, disputing the deficiencies and additions to tax, requesting refunds for overpayments of $2,096 and $2,135 for 1989 and 1990, respectively, and contending that his 1989 and 1990 returns were timely filed. Petitioner further asserted that he had understood the notices to address solely his disallowed deductions rather than contesting the timely filing of his returns as well. On March 28, 1996, respondent filed an answer to petitioner's second amended petition, denying petitioner's allegations, and asserting that this Court lacks jurisdiction to award petitioner's requested refunds for 1989 and 1990.

---

[3] An appeal of this case would be to the Fourth Circuit Court of Appeals.

OPINION

Filing of Petitioner's 1989 and 1990 Returns

Preliminarily, we must decide when petitioner filed his 1989 and 1990 tax returns. Generally, calendar year individual taxpayers must file a Federal income tax return by April 15 following the close of the calendar year. Sec. 6072(a). "The 'filing' of a return or a claim for refund by a taxpayer is completed when the return or claim reaches the collector's office." Jones v. United States, 226 F.2d 24, 28 (9th Cir. 1955); see also Heard v. Commissioner, 269 F.2d 911, 913 (3d Cir. 1959), revg. on another issue 30 T.C. 1093 (1958); Walden v. Commissioner, 90 T.C. 947, 951 (1988); Pace Oil Co. v. Commissioner, 73 T.C. 249 (1979).

Petitioner bears the burden of proving when he filed a return. Rule 142(a). Petitioner has no documentary evidence as to when or even that he did file his tax returns for 1989 and 1990. When a taxpayer cannot provide any documentary evidence that he filed a tax return and respondent's records do not show receipt of the document in question, we have accepted the credible testimony of witnesses to the preparation and mailing of the document. See Estate of Wood v. Commissioner, 92 T.C. 793, 796, 798 (1989), affd. 909 F.2d 1155 (8th Cir. 1990) (testimony of postmistress who affixed postmark); Mitchell Offset Plate Serv., Inc. v. Commissioner, 53 T.C. 235, 239-240 (1969) (testimony of corporation's shareholders and its accountants). Petitioner testified that he personally prepared his 1989 and 1990 returns.

He further testified that he sent by regular mail his 1989 return on April 6, 1990, and his 1990 return on April 10, 1991. Petitioner's mother, Mary E. Stevens, testified that she reviewed her son's 1989 and 1990 returns prior to their proper filing dates, witnessed her son sign the 1989 return, and accompanied him to the post office when he mailed the 1989 return. She did not accompany petitioner when he mailed his 1990 return.

Petitioner argues that because he timely deposited his 1989 and 1990 Federal income tax returns in the U.S. mail, in properly addressed envelopes with the proper prepaid postage affixed, there is a strong presumption that the returns were delivered to, and received by, the IRS in due course.

Respondent claims that petitioner's 1989 and 1990 returns were not filed before March 15, 1994. In this regard, Kyle Outen, a custodian of records with the IRS Philadelphia Service Center, testified that a diligent search of the IRS' files revealed no record of petitioner's filing his 1989 or 1990 returns prior to March 15, 1994.[4]

Section 7502(a) provides that when a return is delivered by U.S. mail to the IRS office to which such return is required to be filed after the date prescribed for its filing, the date of the U.S. postmark stamped on the envelope in which the return is mailed is deemed to be the date the return is delivered to the IRS.

---

[4] Although 1989 and 1990 are the only years before us, Mr. Outen testified that the Internal Revenue Service has no record of petitioner's filing returns for 1991 or 1993.

-8-

Petitioner, however, cannot avail himself of this remedial provision because the record does not establish that the returns were delivered to the IRS prior to March 15, 1994. See sec. 301.7502-1(d)(1), Proced. & Admin. Regs.

Section 7502(c) provides that if a return is sent by U.S. registered or certified mail, the registration or certification is prima facie evidence that the return was delivered to the IRS office to which it was addressed. See sec. 301.7502-1(d)(1), Proced. & Admin. Regs.; see also Hiner v. Commissioner, T.C. Memo. 1993-608. Petitioner did not mail his 1989 or 1990 returns by registered or certified mail. Thus, he assumes the risk of non-delivery of the returns. See Walden v. Commissioner, supra at 952.

It is difficult to believe that respondent could lose or misplace petitioner's tax returns for both of the years in issue, as well as for 1991 and 1993. Based on the record before us, we are unable to find that petitioner filed his 1989 and 1990 returns as of the date the notices of deficiency were mailed.

Overpayments of 1989 and 1990 Taxes

Petitioner contends that he is entitled to refunds for overpayments of his 1989 and 1990 Federal income taxes. Respondent contends that the time limitations of sections 6511 and 6512 preclude petitioner from obtaining any portion of his overpayments.

Pursuant to section 6512(b)(1), we have jurisdiction to determine the existence and amount of any overpayment of tax to be credited or refunded for years that are properly before us.

However, if a taxpayer has not filed a return before the notice of deficiency was mailed, our jurisdiction with regard to claimed refunds is limited to taxes paid during the 2-year period prior to the date the deficiency notice was mailed. See secs. 6511(b)(2)[5] and 6512(b)(3)(B);[6] <u>Commissioner v. Lundy</u>, 516 U.S. \_\_\_\_, \_\_\_\_, 116

---

[5] Sec. 6511(a) generally provides that a claim for credit or refund of an overpayment of tax must be filed by the taxpayer within 3 years from the time the return was filed or within 2 years from the time the tax was paid, whichever period expires later. Sec. 6511(a) also expressly provides that, if no return is filed, the claim must be filed within 2 years from the time the tax was paid. Sec. 6511(b)(2) provides limitations on the amount of any credit or refund, as follows:

(2) Limit on amount of credit or refund.--

(A) Limit where claim filed within 3-year period.--If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

(B) Limit where claim not filed within 3-year period.--If the claim was not filed within such 3-year period, the amount of the credit or refund shall not exceed the portion of the tax paid during the 2 years immediately preceding the filing of the claim.

(C) Limit if no claim filed.--If no claim was filed, the credit or refund shall not exceed the amount which would be allowable under subparagraph (A) or (B), as the case may be, if claim was filed on the date the credit or refund is allowed.

[6] Sec. 6512(b)(3) limits the amount of the credit or refund as follows:

(3) Limit on amount of credit or refund.--No such credit or
(continued...)

S. Ct. 647, 652-653 (1996); Rossman v. Commissioner, 46 F.3d 1144 (9th Cir. 1995), affg. without published opinion T.C. Memo. 1993-351; Richards v. Commissioner, 37 F.3d 587 (10th Cir. 1994), affg. T.C. Memo. 1993-102; Allen v. Commissioner, 23 F.3d 406 (6th Cir. 1994), affg. without published opinion 99 T.C. 475 (1992); Davison v. Commissioner, 9 F.3d 1538 (2d Cir. 1993), affg. without published opinion T.C. Memo. 1992-709; Galuska v. Commissioner, 5 F.3d 195 (7th Cir. 1993), affg. 98 T.C. 661 (1992); Patronik-Holder

---

[6](...continued)
refund shall be allowed or made of any portion of the tax unless the Tax Court determines as part of its decision that such portion was paid--

    (A) After the mailing of the notice of deficiency,

    (B) Within the period which would be applicable under section 6511(b)(2), (c), or (d), if on the date of the mailing of the notice of deficiency a claim had been filed (whether or not filed) stating the grounds upon which the Tax Court finds that there is an overpayment, or

    (C) Within the period which would be applicable under section 6511(b)(2), (c), or (d), in respect of any claim for refund filed within the applicable period specified in section 6511 and before the date of the mailing of the notice of deficiency--

        (i)  which had not been disallowed before that date,

        (ii) which had been disallowed before that date and in respect of which a timely suit for refund could have been commenced as of that date, or

        (iii) in respect of which a suit for refund had been commenced before that date and within the period specified in section 6532.

-11-

v. Commissioner, 100 T.C. 374, 378-379 (1993); <u>Berry v. Commissioner</u>, 97 T.C. 339, 344-345 (1991); <u>Little v. Commissioner</u>, T.C. Memo. 1995-1; <u>Khinda v. Commissioner</u>, T.C. Memo. 1994-617; <u>Courtney v. Commissioner</u>, T.C. Memo. 1994-502; <u>Floyd v. Commissioner</u>, T.C. Memo. 1994-379; <u>Phillips v. Commissioner</u>, T.C. Memo. 1993-349.

The notices of deficiency concerning petitioner's 1989 and 1990 tax years were mailed on July 3, 1993, and petitioner did not file his 1989 or 1990 returns by that date.[7] As a result, petitioner's claimed refunds are limited to the amount of 1989 and 1990 taxes he paid in the two years prior to the mailing of the notices of deficiency.

The only tax payments petitioner made for these years were the withholding credits from his wages, which are deemed to have been paid as of April 15, 1990, and April 15, 1991, for 1989 and 1990, respectively. See sec. 6513(b)(1).[8] Because the withholding taxes were paid more than two years before the notices of deficiency were mailed, petitioner is not entitled to a refund of any part of the

---

[7] Petitioner is deemed to have filed his refund claims on July 3, 1993, the date the notices of deficiency were mailed. Sec. 6512(b)(3)(B).

[8] Sec. 6513(b)(1) provides in pertinent part:

(1) Any tax actually deducted and withheld at the source during any calendar year * * * shall * * * be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31.

1989 or 1990 overpayments.  We therefore hold that the statutorily imposed time limitations of sections 6511 and 6512 bar us from determining that petitioner is entitled to refunds with respect to his 1989 and 1990 income taxes.  See Commissioner v. Lundy, supra.

To reflect the foregoing and respondent's concessions,

Decision will be entered for petitioner as to the deficiencies and additions to tax and for respondent as to the overpayments.