T.C. Summary Opinion 2007-66

UNITED STATES TAX COURT

DANIEL L. OSTROM, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23680-05S.                    Filed April 26, 2007.

Daniel L. Ostrom, pro se.

<u>Lisa M. Oshiro</u>, for respondent.


DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code of
1986 as amended.  All Rule references are to the Tax Court Rules
of Practice and Procedure.  Pursuant to section 7463(b), the
decision to be entered is not reviewable by any other court, and
this opinion shall not be treated as precedent for any other
case.

This case is before the Court on respondent's motion for summary judgment under Rule 121. This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (Notice of Determination) sent to petitioner.

The petition raises two issues: (1) Whether an overpayment for 1997 eliminates petitioner's tax liability for 1998, as well as liability for any additions to tax or interest; and (2) whether the lack of information on the tax return regarding a "time limit on filing a tax return" to claim a refund is legally significant.

## Background

On June 24, 2001, petitioner filed his 1997 Federal income tax return reporting tax of $1,384. Petitioner claimed an earned income credit of $3,656. The claimed earned income credit exceeded the reported tax by $2,272.

On July 20, 2001, petitioner filed his Federal income tax return for 1998 reporting a tax due of $3,915. He claimed an earned income credit of $1,542 and made a payment of $101, leaving a balance of $2,272, prior to consideration of any interest, penalty, or addition to tax.[1]

---

[1]Respondent's motion alleges the amount to be $2,373, perhaps failing to credit the payment of $101.

On July 20, 2001, respondent assessed additions to tax for failure to file and to pay timely, and interest for 1998. Respondent applied petitioner's overpayment of $569.73 from 2000 to his 1998 tax liability. Petitioner has made no further payments on his tax liability for 1998.

Respondent issued a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, and petitioner timely requested a hearing. In his request for a hearing, petitioner stated that he disagreed with the notice because he felt that respondent was trying to collect money that was actually owed to him.

At the Appeals Office hearing petitioner stated that he filed his 1997 Federal tax return late because he knew he was due a refund, and he did not want it used to offset his child support obligation. He did not timely file the 1998 return, he said, because he thought the 1997 refund would be applied as a credit to his 1998 tax liability. He attributes his predicament to the Internal Revenue Service (IRS) for not informing the public that there is a limited period within which to obtain a refund.

## Discussion

### Summary Judgment

Petitioner argues that he is due a credit from his 1997 tax return and an abatement of interest and penalties. Respondent asserts that, as a matter of law, the overpayment for 1997 is

barred by the period of limitations under section 6511(b)(2)(A) since the claim for refund, made on the untimely return, was filed more than 3 years from the time the tax was paid.  The Court agrees with respondent.

The standard for granting a motion for summary judgment is stated in Rule 121(b):

> A decision shall * * * be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. * * *  [Rule 121(b).]

The moving party has the burden of showing the absence of a genuine issue as to any material fact.  See Espinoza v. Commissioner, 78 T.C. 412, 416 (1982) (and cases cited therein).

The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-159 (1970).  There is, however, no issue for trial unless there is sufficient evidence favoring the nonmoving party for the finder of fact to find in favor of the nonmoving party.  First Natl. Bank v. Cities Serv. Co., 391 U.S. 253, 288-289 (1968).  The nonmovant's evidence must be more than merely colorable.  Dombrowski v. Eastland, 387 U.S. 82, 84 (1967) (per curiam).  If the nonmovant's evidence is not significantly probative, summary judgment may be granted.  First Natl. Bank v. Cities Serv. Co., supra at 290.  Rule 121(d) provides that, when a properly supported motion for summary

judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial."

Standard of Review

A taxpayer may raise challenges "to the existence or amount of the underlying tax liability" in a section 6330 proceeding if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). Petitioner did not receive a statutory notice of deficiency in this case. Where the validity of the underlying tax liability is properly at issue, this Court reviews the matter de novo. Davis v. Commissioner, 115 T.C. 35, 39 (2000).

Limitations on Refunds and Credits

The amount of a credit or refund is limited by two "look-back" periods. Commissioner v. Lundy, 516 U.S. 235, 239-240 (1996). A claim for credit or refund of an overpayment of any tax "shall be filed by the taxpayer": (1) Within 3 years from the time the return was filed, or (2) within 2 years from the time the tax was paid, whichever of those periods expires later. Sec. 6511(a). Under the 3-year look-back period, if the claim was filed within 3 years of the filing of the return, then the taxpayer is entitled to a refund of taxes paid within 3 years immediately preceding the filing of the claim, plus the period of any extension of time for filing the return. Sec. 6511(b)(2)(A).

If the claim was not filed within that 3-year period, the taxpayer is entitled to a refund of only those taxes paid during the 2 years immediately preceding the filing of the refund claim. Sec. 6511(b)(2)(B). In the case of any overpayment by a taxpayer, the Commissioner generally may, within the applicable period of limitations, credit the amount of such overpayment against any tax liability of that taxpayer. Sec. 6402(a).

Petitioner's 1997 Federal income tax return was filed on June 24, 2001. Petitioner's tax return is his claim for refund. Sec. 301.6402-3(a)(1), Proced. & Admin. Regs. As they were on the same document, petitioner's claim was filed within 3 years of the filing of the return for 1997 and is timely. Omohundro v. United States, 300 F.3d 1065 (9th Cir. 2002); see also Rev. Rul. 76-511, 1976-2 C.B. 428. Petitioner is therefore allowed to claim an amount of tax paid within the 3-year period immediately preceding his claim. Sec. 6511(b)(2)(A).

The question is: How much, if any, tax did petitioner pay within the 3-year period preceding his claim? Petitioner's overpayment is due to his claim for the earned income credit of $3,656 on the 1997 tax return. The earned income credit is deemed paid by the taxpayer on the due date of the return. Israel v. United States, 356 F.3d 221, 225 (2d Cir. 2004); Little v. Commissioner, T.C. Memo. 1995-1. Petitioner, therefore, is deemed to have paid his tax for 1997 on April 15, 1998. Secs.

6012, 6072.  Petitioner filed his claim for refund on June 24, 2001.  Since no portion of the earned income credit is deemed paid within the 3-year period preceding the filing of his claim for refund or credit, a refund or credit of the payment is barred. Sec. 6511(b)(2)(A).

Petitioner argues that there is no information on the return stating that there is a "time limit" on filing a tax return to claim a refund.  Petitioner's observation may be true but is, nevertheless, of no legal consequence.  "[T]hose who deal with the Government are charged with knowledge of applicable statutes and regulations."  Boulez v. Commissioner, 810 F.2d 209, 219 n.68 (D.C. Cir. 1987), affg. 76 T.C. 209 (1981); see also Fed. Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947).  Petitioner is presumed to know that his Federal income tax return for 1997 was due to be filed by April 15, 1998.  Petitioner is also presumed to know that it had to be filed by April 16, 2001, in order to claim a refund or credit for the overpayment in 1998.

Petitioner is not entitled to a refund of the payment with respect to the 1997 tax year deemed made on April 15, 1998; it is barred under section 6511(b)(2)(A).  Because the overpayment for 1997 is barred, it cannot be used as a payment or credit for any part of the tax due for 1998.

Petitioner also challenges respondent's assertion of the addition to tax under section 6651(a)(1) for his failure to

timely file his income tax return and the addition to tax under section 6651(a)(2) for failure to timely pay his income tax for 1998. Respondent bears the burden of production with respect to an addition to tax. Sec. 7491(c). In order to meet this burden, respondent must produce evidence sufficient to establish that it is appropriate to impose the addition to tax. Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).

The parties agree that petitioner did not timely file a Federal tax return for 1997. There is no triable issue as to whether respondent can meet his burden of production under section 7491(c) with respect to imposing the addition to tax under section 6651(a)(1).

It is petitioner's burden to prove that he had reasonable cause and lacked willful neglect in not filing his return timely. See United States v. Boyle, 469 U.S. 241, 245 (1985); Higbee v. Commissioner, supra; sec. 301.6651-1(a)(1), Proced. & Admin. Regs. Petitioner has failed to allege any reasonable cause or lack of willful neglect for his failure to file timely.

Petitioner, as previously discussed, failed to pay a portion of his income tax liability for 1998. There is no triable issue as to whether respondent can meet his burden of production under section 7491(c) with respect to imposing the addition to tax under section 6651(a)(2). Petitioner has failed to offer any

evidence of reasonable cause and lack of willful neglect for his failure to pay timely.

Petitioner's liability for interest is due to an underpayment of tax shown on his return and not to an assessment of interest attributable to a "deficiency". See secs. 6211, 6404(e)(1)(a). Taxpayers are allowed an abatement of assessed interest on a payment of tax described in section 6212 to the extent certain types of errors or delays in payment are attributable to an officer or employee of the IRS. Sec. 6404(e)(1). Such an error or delay shall only be taken into account, however, if no significant aspect of the error or delay is attributable to the taxpayer and the delay was after the IRS contacted the taxpayer in writing. Sec. 6404(e).

Further, the conference committee report for the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, states that if a taxpayer files a return but does not pay the taxes due, section 6404(e) would not permit abatement of interest regardless of how long the IRS took to contact the taxpayer and request payment. See Downing v. Commissioner, 118 T.C. 22, 30-31 (2002); H. Conf. Rept. 99-841 (Vol. II), at II-811 (1986), 1986-3 C.B. (Vol. 4) 1, 811. Therefore, if a taxpayer fails to file a return and fails to pay the tax owed, section 6404(e)(1) does not apply to the interest that accrues on the unpaid tax before the Commissioner contacts the taxpayer in writing with respect to the tax. Id.

Petitioner admitted that he purposely delayed filing his tax return claiming a refund in order to avoid having his refund seized to pay child support.  The uncontested facts show that a significant aspect of the delay in payment is attributable to petitioner.  Petitioner has not alleged any error or delay in payment attributable to an officer or employee of the IRS other than the legal issues that the Court has already decided against him.  See sec. 6404(e).

Because petitioner has failed to present any evidence that there is a genuine issue of material fact for trial in this case, the Court concludes that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated November 21, 2005.  The Court will grant respondent's motion for summary judgment.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.